BESSIE WADE v. THE STATE.

No. 13064. Delivered March 5, 1930.
Reported in 25 S. W. (2d) 837.

The opinion states the case.

*Adams & Hamilton* of Jasper, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—Unlawfully selling intoxicating liquor is the offense; penalty assessed at one year in the penitentiary.

Smith, an officer, gave to the witness Lemoine a one-dollar bill and instructed him to go to the place of business of the appellant and buy some whisky. According to Smith's testimony, Lemoine was given a one-dollar bill, Smith keeping a memorandum of the number of the bill. Lemoine bought and delivered to Smith a bottle of whisky. Lemoine testified on the witness-stand that he bought the whisky from the appellant and delivered it to Smith. After the delivery of the whisky to Smith, he went to the place of the appel-

lant and arrested her. He took from her person a one-dollar bill which he identified as having the same number and being the same bill that he had given to Lemoine.

The validity of the arrest and search of the appellant and the receipt of the testimony of the officer that he obtained from her person the one-dollar bill mentioned is challenged upon the ground that the circumstances did not justify a search without a warrant. The circumstances under which an arrest without a warrant may be made are set forth in Chapter 1, Title 5, C. C. P., 1925. The only one of these under which it could be argued with any degree of plausibility that the arrest without a warrant was justified is Art. 215, which reads as follows:

"Where it is shown by satisfactory proof to a peace officer, upon the representation of a credible person, that a felony has been committed, and that the offender is about to escape so that there is no time to procure a warrant, such peace officer may, without warrant, pursue and arrest the accused."

Touching the condition under which the arrest might be made, namely, *"that the offender is about to escape, so that there is no time to procure a warrant,"* is not present from any of the testimony in the instant case.

One of the main criminating facts upon which the State relied is the possession of the appellant of a one-dollar bill of the number and description of that which was given to the witness Lemoine by the officer. The only proof of the appellant's possession of the one-dollar bill mentioned comes as a result of the search and unlawful arrest. The evidence mentioned was opposed by the appellant by appropriate objection. We are constrained to hold that it should have been excluded. It was within the purview of Art. 727a, C. C. P., 1925, which inhibits the receipt of evidence obtained through an illegal search. The appellant did not testify. She introduced testimony impeaching the reputation of the witness Lemoine for truth and veracity, also witnesses who testified that they saw Lemoine in the premises of the appellant on the day the offense was charged to have been committed but that she sold him no whisky and delivered none to him; that the circumstances were such that the transaction could not have taken place without his having been observed by the witnesses. It was also shown by some of the appellant's witnesses that Lemoine was seen in company with some other negroes while he was near the appellant's place of business; that one of these was Jim Taylor, who testified that he met Lemoine

on the sidewalk near the appellant's place of business and asked if the witness had change for a dollar. The witness replied in the negative but told the man he could get it from Bessie Wade. Lemoine then gave it to the witness who took it to the store of Bessie Wade and got her to exchange it for two half-dollar pieces which he gave to Lemoine.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*