**Charles DeJARNETTE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14-85-465-CR.**

Court of Appeals of Texas,
Houston (14 Dist.).

Feb. 6, 1986.

Rehearing Denied Feb. 27, 1986.

### OPINION

ROBERTSON, Justice.

The jury rejected appellant's plea of not guilty to the offense of murder and the court assessed punishment at confinement for twenty-five years. Issues before us concern the legality of the arrest of appellant and the failure of the court to charge the jury on the offense of assault. We affirm.

The facts of this offense are not in dispute and are not complicated. A witness observed the entire transaction and testified that shortly after midnight he and

---

some others were standing on the sidewalk in downtown Houston. The deceased, dressed as if he had just gotten off work, walked by them. Immediately, appellant and another man came jogging by and caught up with the deceased. The deceased yelled in a loud voice that he had no money. Appellant and his companion knocked the deceased down, kicked him, stabbed him and then walked away. The evidence was sufficient to warrant a finding by the jury that appellant and his companion robbed the deceased. The deceased was able to get up and stagger to the street where he was found within minutes by a security officer for Metro Transit. The security officer summoned paramedics and police officers. The deceased died shortly thereafter. The eyewitness described appellant to the investigating officers as a short stocky black male, wearing a white hat, red shirt and camouflaged military combat type pants. A few minutes later, one of the officers observed appellant, a male meeting the description in dress and physical characteristics of one of the assailants, walking with a female on the street about a block and a half from the scene. The officer detained appellant, conducted a pat down search and found a lock-blade knife in his rear pocket. The appellant was returned to the scene and identified.

In his first ground of error appellant contends the court erred in failing to suppress the knife found on appellant because his arrest was illegal. The state challenges our consideration of this ground, contending that the ground now asserted does not comport with his objection at trial. While appellant's trial objection could have been more clearly stated, we believe that it was apparent to everyone involved that appellant contended the arrest was illegal and therefore the results of the search were inadmissible. We therefore address the ground on its merits.

■ While appellant candidly admits that the information available to the officers "was probably sufficient" to show probable cause, he argues there was no evidence that he was about to escape.

Construing Article 14.04, Tex.Crim.Proc. Code Ann., the court of criminal appeals in *Fry v. State*, 639 S.W.2d 463 (Tex.Crim. App.1982), said:

> We hold Art. 14.04, supra, does not require a showing that the offender in fact was about to escape, nor does it require a showing that there in fact was no time to procure a warrant. The statute merely requires a showing that the officer was acting upon satisfactory proof from representations by a credible person that the felony offender 'is about to escape, so that there is no time to procure a warrant.' *Fry*, 639 S.W.2d at 476.

Relying upon this language appellant argues the arrest was unauthorized since there is no evidence that the officer was acting upon satisfactory proof from representations by a credible person that appellant was about to escape. We do not agree. The officer had a sufficient physical description of appellant and a description of what he was then wearing so that he could reasonably conclude that he was the person involved in the robbery/murder occurring minutes before. No one knew appellant's name or anything more about him. Under these circumstances, the officer knew from *his own* observations that appellant was about to escape and this authorized his placing appellant under arrest. We believe this is exactly what the court of criminal appeals was speaking of, in *Hardison v. State*, 597 S.W.2d 355 (Tex. Crim.App.1980), when it recognized "that circumstances could exist which would require police officers to act immediately where the accused is on a public street as opposed to being in a private residence." *Hardison*, 597 S.W.2d at 357. Finding the arrest justified, appellant's first ground is overruled.

■ In his second ground appellant contends the court erred in refusing his request for a charge on assault. At appellant's request the court charged the jury on the lesser included offense of aggravated assault but denied the request for the less-

er included offense of misdemeanor assault.

It is clear that the court need charge the jury on lesser included offenses only when, first, the lesser offense is included within the proof necessary to establish the offense charged, and second, there is some proof in the record that if the defendant is guilty, he is guilty of only the lesser offense. *Royster v. State,* 622 S.W.2d 442, 446 (Tex. Crim.App.1981). In this case, as in *Curtis v. State,* 573 S.W.2d 219, 223 (Tex.Crim. App.1978), a charge on the misdemeanor assault was not raised by the evidence because the complainant sustained serious bodily injury as a result of the assault. Appellant's second ground is overruled.

The judgment is affirmed.