Charles DEJARNETTE

v.

The STATE of Texas, Appellee.

No. 394–86.

Court of Criminal Appeals of Texas.

June 10, 1987.

---

Janet Seymour Morrow (court appointed on appeal), Houston, Walter C. Prentice, of counsel, Austin, for appellant.

John B. Holmes, Jr., Dist. Atty., & William J. Delmore, III, & Jan Krocker, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

Appellant was charged with the offense of murder. The jury found him guilty and the trial court assessed punishment at con-

finement for twenty-five years. On appeal to the Court of Appeals, appellant contended that a knife found on his person when he was arrested should have been suppressed because his arrest was illegal. The Court of Appeals overruled appellant's point of error and appellant's conviction was affirmed. *DeJarnette v. State*, 706 S.W.2d 680 (Tex.App.-Houston [14th], 1986). Appellant petitioned this Court for discretionary review which we granted to determine whether the Court of Appeals erred in finding that the evidence should not have been suppressed. We will affirm.

In order to dispose of appellant's ground for review, the relevant facts must be summarized. The following facts are taken from the Court of Appeals' opinion:

"A witness observed the entire transaction and testified that shortly after midnight he and some others were standing on the sidewalk in downtown Houston. The deceased, dressed as if he had just gotten off work, walked by them. Immediately, appellant and another man came jogging by and caught up with the deceased. The deceased yelled in a loud voice that he had no money. Appellant and his companion knocked the deceased down, kicked him, stabbed him and then walked away.... The deceased was able to get up and stagger to the street where he was found within minutes by a security officer for Metro Transit. The security officer summoned paramedics and police officers. The deceased died shortly thereafter. The eyewitness described appellant to the investigating officers as a short stocky black male, wearing a white hat, red shirt and camouflaged military combat type pants. A few minutes later, one of the officers observed appellant, a male meeting the description in dress and physical characteristics of one of the assailants, walking with a female on the street about a block and a half from the scene. The officer detained appellant, conducted a pat down search and found a lock-blade knife in his rear pocket. The appellant was returned to the scene and identified."

*DeJarnette*, supra at 680-1.

In addition to these facts, the following facts were disclosed when appellant's counsel examined the arresting officer outside of the jury's presence to determine whether probable cause existed to support the arrest. Officer Lowery arrested appellant shortly after the offense occurred. He and his partner were the second police unit to arrive at the scene. At that time, the victim was being treated by paramedics. The officers were informed that a possible stabbing had occurred, and noted a trail of blood on the pavement. Lowery obtained a description of two black males who were believed to be the perpetrators, and asked several persons in the area if they had seen anyone meeting the descriptions of the men. One person stated that a man meeting one of the descriptions was in the vicinity of the Golden Stein bar, which was two blocks away from the crime scene. Approximately fifteen minutes after Lowery arrived at the scene, he observed appellant near the bar mentioned by the person. Appellant was stopped and the officers conducted a pat down search of appellant's person whereupon they discovered the bloody knife. Appellant was then arrested.

Before the Court of Appeals, appellant argued that although the information available to the officers "was probably sufficient" to show probable cause, there was no evidence that appellant was about to escape. Thus, appellant's warrantless arrest was not authorized under Art. 14.04, V.A.C.C.P.

The Court of Appeals rejected appellant's contention and stated:

"The officer had a sufficient physical description of appellant and a description of what he was then wearing so that he could reasonably conclude that he was the person involved in the robbery/murder occurring minutes before. No one knew appellant's name or anything more about him. Under these circumstances, the officer knew from *his own* observations that appellant was about to escape and this authorized his placing appellant under arrest. We believe this is exactly what the court of criminal appeals was speaking of, in *Hardison v. State*, 597 S.W.2d 355 (Tex.Cr.App.1980), where it

recognized 'that circumstances could exist which would require police officers to act immediately where the accused is on a public street as opposed to being in a private residence.' " [emphasis in original.]

*DeJarnette,* supra at 681.

■ As a general rule, police officers must always obtain an arrest warrant prior to taking someone into custody. See *Hogan v. State,* 631 S.W.2d 159 (Tex.Cr.App. 1982); *Hardison v. State,* 597 S.W.2d 355 (Tex.Cr.App.1980); and *Honeycutt v. State,* 499 S.W.2d 662 (Tex.Cr.App.1973).

There are, however, exceptions to this rule which are set out in Chapter 14 of the Texas Code of Criminal Procedure. These exceptions to the warrant requirement are strictly construed. *Hardison,* supra; *Lowery v. State,* 499 S.W.2d 160 (Tex.Cr.App. 1973); *Vinson v. State,* 138 Tex.Cr.R. 557, 137 S.W.2d 1048 (Ct.App.1940); and *Huffstutler v. State,* 135 S.W.2d 501 (Tex.Cr. App.1940).

Relevant to the instant petition is Art. 14.04, V.A.C.C.P., which states:

Where it is shown by satisfactory proof to a peace officer, upon the representation of a credible person, that a felony has been committed, and that the offender is about to escape, so that there is no time to procure a warrant, such peace officer may, without warrant, pursue and arrest the accused.[1]

The first portion of this statute requires that the police officer have satisfactory proof that a felony has been committed. Given the facts of the instant case, specifically the wounds inflicted upon and the condition of the victim at the scene, the eyewitness to the stabbing and the statements of the persons who directed the officers' to appellant's whereabouts, we find that there was sufficient proof to justify the officers' belief that a felony offense had occurred.

The statute also requires that the officers have satisfactory proof that the person arrested is the offender. In the instant case, the record shows that an eyewitness viewed the entire crime, and gave the officers a detailed description of the perpetrators. The description of appellant was especially precise since in addition to the physical description given, the witness told the officers that appellant was wearing some type of camouflaged military combat type pants. When the officers found appellant near the bar, he was wearing camouflaged pants which one officer described as very unusual, and normally worn only by marines. Based upon these facts, we find that the police had sufficient information amounting to satisfactory proof that appellant was indeed the offender, as required by Art. 14.04, supra.

Once the circumstances indicate that an offense has been committed and that the person arrested is the offender, there must also be evidence showing that the offender is about to escape so that there is no time to procure a warrant for the Art. 14.04 exception to the arrest warrant requirement to apply. As was stated by this Court in *Fry v. State,* 639 S.W.2d 463 (Tex. Cr.App.1982):

" ... Article 14.04, supra, does not require a showing that the offender in fact was about to escape, nor does it require a showing that there in fact was not time to procure a warrant. The statute merely requires a showing that the officer was acting upon satisfactory proof from representations by a credible person that the felony offender 'is about to escape, so that there is no time to procure a warrant.' "

*Fry,* supra at 476.

■ This requirement was also articulated in *Honeycutt,* supra, at 662, where this Court stated:

---

1. In tracing the origins of this article, we find that it has remained completely unchanged since it was first codified as Art. 212 of the Old Code. In 1879, the article was renumbered and appeared in the 1879 Code of Criminal Procedure as Art. 229. In 1895, it was again renumbered to Art. 250. In 1911, the provision appears as Art. 262, and in 1925, it was renumbered to Art. 215. From 1925 to 1965, the provision remained unchanged until the latter date, when the procedural criminal laws of Texas were recodified and the statute was assigned its present number, Art. 14.04, V.A.C.C.P.

"In accordance with the strict construction given exceptions allowing warrantless arrests, this court has always required a clear showing that the person arrested was about to escape. As is often said when considering an arrest without a warrant, inarticulate hunches and suspicions are not enough to justify the arrest."

Thus, the required showing does not have to be of a factual nature beyond a reasonable doubt, but need only establish that the officer was acting upon *satisfactory proof* that the suspect is about to escape.

This requirement is based in part upon the purpose underlying this exception to the warrant requirement. As was stated by the Court in *Rutherford v. State*, 104 Tex.Cr.R. 127, 283 S.W. 512, 514–5 (Tex.Cr.App.1926):

"The purpose of the statute is to give effect to the guaranty of the Bill of Rights against the unreasonable seizure of the person, and to safeguard the public in the apprehension of offenders whose escape would be effected if a warrant is imperative. It is the information that an escape is imminent which dispenses with the necessity of a warrant of arrest."

There are numerous reported cases where this Court found that sufficient facts were shown to justify a warrantless arrest under Art. 14.04, supra, or one of its precursors. In many cases, the police were informed by some credible person that the defendant was about to escape. See *Stewart v. State*, 26 S.W. 203 (Tex.Cr.App.1894); *Bevins v. State*, 7 S.W.2d 532, 110 Tex. Cr.R. 52 (Ct.App.1928); *Pruett v. State*, 114 Tex.Cr.R. 44, 24 S.W.2d 41 (Ct.App. 1929); *Warren v. State*, 130 Tex.Cr.R. 456, 94 S.W.2d 463 (Ct.App.1936); *Lee v. State*, 148 Tex.Cr.R. 220, 185 S.W.2d 978 (Ct.App. 1945); *Ware v. State*, 151 Tex.Cr.R. 228, 207 S.W.2d 868 (Ct.App.1947); *Jones v. State*, 171 Tex.Cr.R. 608, 352 S.W.2d 270 (Ct.App.1961); *Carmouche v. State*, 540 S.W.2d 701 (Tex.Cr.App.1976); and *Maloy v. State*, 582 S.W.2d 125 (Tex.Cr.App.1979). See also *Fry*, supra.

■ Moreover, the exception to the warrant requirement has also served to justify a warrantless arrest when the police officers themselves observe conduct which indicates that the offender is about to escape. See *Bader v. State*, 78 Tex.Cr.R. 392, 183 S.W. 146 (Ct.App.1915); *Beeland v. State*, 149 Tex.Cr.R. 272, 193 S.W.2d 687 (Ct.App. 1946); *Price v. State*, 410 S.W.2d 778 (Tex. Cr.App.1967); and *King v. State*, 631 S.W.2d 486 (Tex.Cr.App.1982). Thus, the observing officer may be considered the "credible person" who determines, upon satisfactory proof, that the offender is about to escape.

Of course in many cases, this Court has found that the record failed to show satisfactory proof to establish that the offender was about to escape. See *Wade v. State*, 114 Tex.Cr.R. 423, 25 S.W.2d 837 (Ct.App. 1930) (The police had an informer go to defendant's place of business and buy a bottle of whiskey. After the informer returned, the officers went to the defendant's place of business and arrested the defendant.); *Rippy v. State*, 122 Tex.Cr.R. 101, 53 S.W.2d 619 (Ct.App.1931) (The defendant, when arrested, was at home in bed.); *Vinson v. State*, 138 Tex.Cr.R. 557, 137 S.W.2d 1048 (Ct.App.1940) (The defendant was arrested in his pajamas around midnight.); *Butler v. State*, 151 Tex.Cr.R. 244, 208 S.W.2d 89 (Ct.App.1947) (The defendant was found at his home and arrested one day after a burglary.); *Tarwater v. State*, 160 Tex.Cr.R. 59, 267 S.W.2d 410 (Ct.App. 1954) (The sheriff, after learning that the defendant had checked into a hotel room, went to the hotel and found the defendant hiding under a bed.); *Honeycutt v. State*, 499 S.W.2d 662 (Tex.Cr.App.1973) (The defendant was reported to have been driving while intoxicated. The police went to her house and found her on her bed, fully clothed.); *Hardison v. State*, 597 S.W.2d 355 (Tex.Cr.App.1980) (Police received information that the defendant was selling heroin on a particular street corner. Fifteen minutes later, they observed the defendant talking to people at the reported location. They approached the defendant and arrested him.); and *Beasley v. State*, 728 S.W.2d 353 (Tex.Cr.App.1987) (The po-

lice found the defendant and arrested him in his apartment.).

A more detailed example of a case where there was insufficient proof to establish escape is *Bell v. State*, 724 S.W.2d 780 (Tex.Cr.App.1986). In that case, a person informed the police that he had told the defendant many hours earlier in the day that the police were looking for him. There were, however, no allegations from a credible person that the defendant was about to escape. The person also told the police that they could find the defendant at a nearby bar, which would close within the hour. The police officers went to the bar and arrested the defendant. This Court held that there was simply no evidence that the defendant was about to escape. The defendant had not committed any act indicating that he was going to escape, nor had any credible person come to the police and told them that the defendant was about to escape. Thus, a warrantless arrest was not justified under Art. 14.04, supra.

■ Given the holdings of the cases discussed above, a general rule may be formulated: in order for an arrest to be justified under the Art. 14.04 exception to the warrant requirement, there must be some evidence amounting to satisfactory proof, either related by a credible person to an officer or observed by the officer him/herself indicating that the defendant was about to escape so that there was no time to procure a warrant.

■ We may also make an additional observation based upon this rule and the preceding cases: the information available to the officers *at the time the evidence concerning escape is related to them* controls the officers' actions, not necessarily evidence discovered when the defendant is later apprehended. For instance, in *Fry*, supra, the victim of a robbery stated that one of the persons involved in the crime had said he was leaving that day for California. When the officers found defendant and his cohorts, there were no overt signs of imminent escape. This Court found that even if the police do not ultimately find the defendant attempting to escape, Art. 14.04, supra, may be invoked if at some time prior

to the arrest, a credible person relates escape information to the officers. See also generally *Maryland v. Garrison*, —— U.S. ——, 107 S.Ct. 1013, 94 L.Ed.2d 72 (1987).

We may also consider cases that deal specifically with evidence showing "that the offender is about to escape and that there is not enough time to procure a warrant," such as *King*, supra. In that case, the defendant was implicated in the commission of a capital murder where a young man was murdered and his female companion was sexually assaulted and brutalized. When the female told the police what had happened, she identified the defendant in a photographic lineup and described the truck that the perpetrators had driven. The truck was later seen by police and the driver was stopped. When the officers determined that the driver did not match the defendant's description, they asked the driver to whom the truck belonged. He told them that it was a rent car, rented by Leon King. The officers asked for rental papers, so the driver opened the glove compartment and found a wallet, which he gave to the officers. Inside, they found a driver's license for the defendant. They recorded the defendant's name and address and released the driver. The police later found that there was an outstanding warrant for the defendant's arrest. They set up surveillance at the driver's residence, expecting the driver to at some point return the truck to the defendant. There, the officers observed that the truck was parked in front of the house, and later saw the defendant leave the house and get into the truck. He was stopped and arrested shortly thereafter.

In finding that the defendant's warrantless arrest was justified under Art. 14.04, supra, this Court stated:

"Though somewhat amorphous in this regard ..., the testimony indicates the officer's expectation that appellant would eventually *rendezvous* with Louis [the driver of the pick-up truck stopped by the police] in order to retrieve the car keys and the maroon pickup which contained his wallet; thus the stakeout on Louis' house. Thus, there obviously was

perceived more than the likelihood that Louis, in person or otherwise, would at such time report to appellant the most recent interest shown by the police in the pickup and its owner. Once probable cause to believe Leon King *had* committed the offense in question was added to these circumstances already within the officers' knowledge, a suspicion that he would attempt to elude the police was well founded. But within ten minutes of the convergence of all of these facts, when appellant appeared, entered the pickup and drove away, the 'factual situation' indicating he was about to escape became 'concrete." [Emphasis in original.]

*King*, supra at 497–8. Under the facts of *King*, which included the outstanding warrant for the defendant's arrest, the expected rendezvous with the driver of the pickup and the defendant's actions in entering the truck and driving away at a point very close in time to his allegedly being told that the police were after him, there was satisfactory proof that the defendant was about to escape and there was not sufficient time for the police to procure a warrant.

■ We pause at this point to focus on one aspect of escape as referred to in Art. 14.04, supra. Common experience teaches us that otherwise amorphous actions of a suspect may take on characteristics of escape simply because of the temporal proximity of those actions to the crime or to the suspect's discovery of police pursuit. Thus, proximity in time to the crime or discovery of pursuit is a factor which must be considered relative to the other factors showing imminent escape.

■ Germane to the case at bar, the State urges that once the police stopped appellant it was reasonable to believe he would escape if given the opportunity to do

so. Stated differently, the State contends that satisfactory proof of imminent escape exists if officers have probable cause to believe that a person has committed an offense, and if they confront that person with their suspicions since the suspect, once informed of the investigation, may flee unless arrested immediately. We disagree and hold that discovery of pursuit is *but a factor in the overall picture.* We will consider the police/suspect confrontation and its contribution to the concept of "likelihood of escape." Such a confrontation, however, is not of itself sufficient to constitute the satisfactory proof of escape necessary to invoke Art. 14.04 authority for a warrantless arrest. Rather, that confrontation is but a factor to be considered with some other act or acts committed by the suspect which together amount to satisfactory proof of escape, or representations by a credible person that escape is imminent. Those facts may well take on a different importance given their temporal proximity to the crime or to discovery of the pursuit, but each case must be decided on its own facts.[2]

Of course temporal proximity is by no means the only factor that may color the meaning or importance of other facts. Geographic location of arrest also is important given the cases previously discussed. Germane to the case at bar, in *Hardison*, supra at 357, we stated:

"We recognize that circumstances could exist which would require police officers to act immediately where the accused is on a public street as opposed to being in a private residence."

■ Thus, we must look at all the factors involved as well as their special relationship to each other in each case. As long as there is some evidence amounting

---

**2.** Concerning this concept of proximity in time altering the importance of a suspect's actions and causing events to amount to satisfactory proof of imminent escape, we note a harmony here with other cases where a defendant has been identified shortly after the commission of an offense by a victim or witness. In such cases, officers are permitted to detain the defendant and take him to the victim or witness for identification. Police are given this authority in part so that they may release any innocent suspects and continue their search for the actual offender before he or she may substantially alter his or her appearance or dispose of evidence of the crime. See *Garza v. State,* 633 S.W.2d 508 (Tex.Cr.App.1982) (opinion on rehearing). See also *Hudson v. State,* 675 S.W.2d 507 (Tex.Cr.App.1984) and *Turner v. State,* 486 S.W.2d 797 (Tex.Cr.App.1972).

to satisfactory proof, either provided in the form of representations of imminent escape given by a credible person or facts observed by the officers amounting to satisfactory proof that the defendant is about to escape, and the circumstances are such that the officers do not have sufficient time to obtain a warrant, then a warrantless arrest of the defendant under Art. 14.04, supra, will be sustained.

We will now consider the facts of the instant case. The record shows that the entire offense was witnessed by one person. Fifteen minutes after the offense was committed, officers arrived at the scene and questioned the witness, who gave officers a description of the perpetrators. Shortly thereafter, acting on a tip from a person found near the crime scene, officers observed appellant, who met the description given by the witness, walking on a public street about two blocks from the crime scene. Appellant was confronted, detained and searched.

■ We find that based upon this record, there was sufficient evidence to support a warrantless arrest under Art. 14.04, supra. The officers had satisfactory proof that a stabbing had just been committed and that appellant was "the offender" from an eyewitness to the incident. Appellant was found on a public street near but away from the scene of the crime very shortly after the deceased had been stabbed.[3] Considering these factors, especially the close proximity in time of the apprehension to the crime itself, in addition to the knowledge of pursuit furnished to appellant when the police approached him shortly after the crime, we find that these facts provide satisfactory proof that appellant was about to escape such that the procuring of a warrant was impractical. The

officers were therefore justified in arresting appellant without a warrant.

This holding is in accord with the purposes of the warrant exception previously discussed: the rights of the citizens to be free from unreasonable seizures must be balanced against society's interest in apprehending those persons who commit felony offenses. It would not serve the public interests for this Court through judicial interpretation of legislative acts to prohibit arrest when officers have probable cause to believe that someone has committed a felony offense and reasonably determine from satisfactory proof that the offender is about to escape so that there is no time to procure a warrant. By the same token, if such arrests are restricted to exigent circumstance situations where probable cause exists and there is sufficient evidence of escape, the fundamental notions of constitutional protections against unreasonable seizures are protected.

Based upon the preceding, we find that the Court of Appeals correctly held that appellant's warrantless arrest was justified. We therefore overrule appellant's ground for review, and affirm the judgments of the Court of Appeals and the trial court.

CLINTON and TEAGUE, JJ., dissent.

---

**3.** In *West v. State,* 720 S.W.2d 511 (Tex.Cr.App. 1986), the Court noted that simply because a suspect leaves the scene of a crime, imminent escape is not shown since such a holding would permit arrest in all circumstances either because the offense was committed in the officer's view or because the suspect at some time left the scene. Were the issue this simple, the result would seem apparent. In *West,* supra, the defendant was found in a hotel room. In the instant case, however, appellant was found on a public street in the act of leaving the scene very shortly after commission of the offense. Without considering more than the facts presented in the instant case, we find that appellant's acts in leaving the scene so closely after commission of the offense are relevant to the issue of imminent escape. Of course, each case must be decided on its own facts. Footnote 4 in *West,* supra, should not be interpreted as authority that a suspect's flight from a crime scene may never constitute evidence of escape.