**Valdo ARELLANO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–88–161–CR.**

Court of Appeals of Texas, Corpus Christi.

May 31, 1989.

Mark Janssen, Victoria, for appellant.

George J. Filley, III, Dist. Atty's Office, Victoria, for appellee.

Before NYE, C.J., and DORSEY, and BENAVIDES, JJ.

## OPINION

DORSEY, Justice.

Appellant, Valdo Arellano, was indicted for possessing heroin. By a motion to suppress, he challenged the legality of the warrantless search and arrest which led to the procurement of the narcotics. The trial court denied the motion after conducting a hearing. Appellant then pled guilty pursuant to a plea bargain agreement, after which the trial court convicted him and assessed punishment at three years' imprisonment plus a fine of $1,500.00. We sustain appellant's point of error attacking the trial court's ruling on the motion to suppress and reverse the judgment.

At 12:05 a.m. on January 15, 1988, Victoria Police Officer Larry Leon received a call at home from his dispatcher, who informed Leon that a confidential informant was attempting to contact him in regard to a drug-related crime. Leon called the number given to him by the dispatcher and began talking with the informant. The officer testified that he had received at least a dozen other tips from this person during the past couple of years and believed him to be a reliable source of information.

The informant told Leon that he had just seen a man named "Valdo" (the appellant) at the West Key Lounge; he described "Valdo" as a Hispanic man of medium build wearing a gray shirt and white hat, with glasses and long hair worn in a ponytail. The informant then stated that the suspect was in possession of and was selling heroin in small tin foil packets. According to Leon, the informant was "quite excited" and wanted him to "throw on his clothes and get on over there."

Leon relayed the above information to Lieutenant John Kaspar, who was on duty at the Victoria Police Department. He also told Kaspar that neither he nor his informant knew how long the suspect would be in the West Key Lounge, which closed at 2:00 a.m.

Kaspar, along with Officer Kirk Nesbitt, then drove to the bar in separate cars. Upon entering the bar, the officers immediately recognized appellant as the only man who fit the description given by the informant. Nesbitt approached appellant and asked him to step outside. After instructing him to place his hands on a wall, Nesbitt searched him and discovered in his rear pants pocket a pill bottle containing tin foil packets which, according to Leon, were commonly used to wrap heroin. Nesbitt then placed appellant under arrest.

Leon testified that he "never really even thought about" obtaining a search and arrest warrant because he did not feel he had time to do so. He explained that the West Key Lounge would have closed less than two hours after the received his tip, and that the process of obtaining a warrant would have taken between two and two-and-one-half hours. He further stated that he did not know appellant's home address.

Appellant took the stand and stated that he was dancing in the West Key Lounge at the time of his apprehension; that he had planned on staying at the bar until it closed; and that he did not have a ride home.

Appellant asserts by his sole point that the trial court erred in denying his motion to suppress. He specifically argues that his warrantless arrest was illegal due to a lack of exigent circumstances, and that the fruits of the illegal arrest and incident search are therefore inadmissible.

Generally, peace officers must always obtain an arrest warrant prior to taking someone into custody. *DeJarnette v. State*, 732 S.W.2d 346, 349 (Tex.Crim.App. 1987). One exception to the rule, however, is embodied in Tex.Code Crim.Proc.Ann. art. 14.04 (Vernon 1977), which reads:

> Where it is shown by satisfactory proof to a peace officer, upon the representation of a credible person, that a felony has been committed, and that the offender is about to escape, so that there is no time to procure a warrant, such peace officer may, without warrant, pursue and arrest the accused.

The first portion of the statute requires that the police officer have satisfactory proof that a felony has been committed by the person to be arrested. Appellant does not challenge this element of article 14.04. His only contention and our only inquiry is whether there is evidence that the suspect was about to escape. As the Court of Criminal Appeals stated in *Fry v. State*, 639 S.W.2d 463, 476 (Tex.Crim.App.1982):

> Article 14.04, supra, does not require a showing that the offender in fact was about to escape, nor does it require a showing that there in fact was not time to procure a warrant. The statute merely requires a showing that the officer was acting upon satisfactory proof from representations by a credible person that the felony offender 'is about to escape, so that there is no time to procure a warrant.'

In *DeJarnette v. State*, the Court elaborated on the meaning of "satisfactory proof" as alluded to in the statute. It held that there must be some evidence which indicates the suspect was "about to escape" and which is *either related to the officer by a credible person or observed by the officer himself.* *DeJarnette*, 732 S.W.2d at 351.

In *Bell v. State*, 724 S.W.2d 780 (Tex. Crim.App.1986), a confidential informant told the police at approximately 12:30 a.m. that he had just seen the defendant in a club called the Satellite Bar, and that he could still be found there. The informant told police he had advised the suspect that they were looking for him. The officer knew that the bar closed at 1:00 a.m. and testified that he could not have obtained a warrant before 1:00 a.m. and did not know where to find the defendant after the bar closed. He immediately dispatched officers to the scene, where the defendant was arrested without a warrant. The Court held the arrest was improper since there was no evidence that appellant was about to escape or that the officers thought he was about to escape. *Bell*, 724 S.W.2d at 785.

In the instant case, the officers did not observe appellant attempting to escape the West Key Lounge. Although the confidential informant was "excited" and anxious for Officer Leon to apprehend his suspect, he did not tell Leon that appellant was about to escape or leave the bar. "It is the information that an escape is imminent which dispenses with the necessity of a warrant of arrest." *Bain v. State*, 677 S.W.2d 51, 56 (Tex.Crim.App.1984), quoting *Rutherford v. State*, 104 Tex.Crim. 127, 283 S.W. 512, 514–515 (1926). At most, the officers may have had "inarticulate hunches and suspicions" which are not enough to validate the warrantless seizure. *See Stanton v. State*, 743 S.W.2d 233, 237 (Tex. Crim.App.1988).

We recognize that in some cases, a combination of a police officer's personal observations and prior knowledge may allow a warrantless arrest when an offense is committed in the officer's presence or within his view. *Lunde v. State*, 736 S.W.2d 665, 667 (Tex.Crim.App.1987); Tex.Code Crim. Proc.Ann. art. 14.01(b) (Vernon 1977).[1] In *Lunde*, a confidential informant contacted

---

1. Article 14.01(b) provides that "a peace officer may arrest an offender where the offense is committed in his presence or within his view."

a police officer and told him that two men were presently standing in front of a grocery store dealing heroin. The officer drove to the store and set up surveillance. Both he and a fellow officer identified the two suspects as matching the description given by the informant. The officers also saw the two men approach one another and, while standing very close together, exchange something between them. Although the officers did not see what was passed, each was of the firm opinion, based upon years of service, that a drug transaction was then taking place. They proceeded to conduct a warrantless arrest and search.

The Court of Criminal Appeals held the arrest was valid under article 14.01(b) because of 1) the officers' experiences in recognizing drug trafficking; 2) the corroborated information received; and 3) *the officers' certainty that a covert transfer was being made, as shown by the close proximity and hand movements of the two suspects. Lunde,* 736 S.W.2d at 668.

In contrast, the officers in the instant case testified merely that they entered the bar and immediately recognized appellant as the only person who fit the informant's description of hair style and dress. Although they had been informed that appellant had heroin on his person, the officers did not observe him holding or carrying any contraband; they approached appellant only because he looked outwardly like the person the informant described. We therefore find article 14.01(b) to be inapplicable to the case at bar.

Because of the absence of exigent circumstances as required by article 14.04, we hold that appellant's warrantless arrest was improper. *See Bell,* 724 S.W.2d at 787 *Pearson v. State,* 657 S.W.2d 120, 121 (Tex. Crim.App.1983). The trial court therefore erred in failing to suppress the narcotics which were illegally obtained during a search incident to the arrest. *See Wong Sun v. United States,* 371 U.S. 471, 485, 83 S.Ct. 407, 416, 9 L.Ed.2d 441 (1963); *Bell,* 724 S.W.2d ·at 787; Tex.Code Crim.Proc. Ann. art. 38.23 (Vernon 1988). Appellant's point of error is sustained.

The judgment is REVERSED, and the cause REMANDED to the trial court.