**AMERICAN SAMOA GOVERNMENT, Plaintiff**

**v.**

**REX ENOKA GOTOLOAI, Defendant**

High Court of American Samoa
Trial Division

CR No. 26-92

December 11, 1992

Before KRUSE, Chief Justice, TAUANU'U, Chief Associate Judge, MAILO, Associate Judge.

Counsel: For Plaintiff, Donald M. Sheehan, Assistant Attorney General
For Defendant, Aitofele T. Sunia

On Motion to Suppress:

The defendant is charged with first degree murder (A.S.C.A. § 46.3502(A)(1)) and tampering with physical evidence (A.S.C.A. § 46.4611). He seeks to suppress certain incriminating statements he made to the police; he claims that the statements were made not only in violation of his rights against self-incrimination but also at a time when he was unlawfully in custody.

## DISCUSSION

Article I, Section 5 of the Revised Constitution of American Samoa provides for safeguards against "unreasonable searches and seizures." This provision, parallel to the Fourth Amendment to the United States Constitution, is implemented by A.S.C.A. §§ 46.0801 *et seq*. Although arrest warrants are generally required, the statute describes a number of situations in which a warrant is unnecessary. One of these situations concerns felony suspects found near a crime scene shortly after a crime was committed. A.S.C.A. § 46.0805(3). Defendant argues, and the American Samoa Government disputes, that his warrantless arrest was unlawful because it did not fall into the aforementioned exception. In addition, the government also contests defendant's claim that his waiver of rights and subsequent confession were not made knowingly and voluntarily.

### A. *Warrantless Arrest*

Under the Fourth Amendment to the United States Constitution, a warrantless arrest is not invalid merely because a warrant could have been obtained but was not. "The necessary inquiry . . . [is] not whether there was a warrant or whether there was time to get one, but whether

there was probable cause for the arrest." *United States v. Watson*, 423 U.S. 411, 417 (1976). Even though a magistrate's review provides the maximum protection of individual rights, requiring such review "would constitute an intolerable handicap for legitimate law enforcement." *Id.* (The Supreme Court "has never invalidated an arrest supported by probable cause solely because the officers failed to secure a warrant." *Id.* at 417-18 (quoting *Gerstein v. Pugh*, 420 U.S. 103, 113 (1975)). The Fourth Amendment reflects the "ancient common-law rule" that an officer may make a warrantless arrest if reasonable grounds that a felony has been committed exist, even if it occurred outside his presence. This is the prevailing rule under state constitutions and statutes. *Id.* at 418-19. Arrests and searches are treated differently because drafters of "unreasonable search and arrest" provisions were concerned with restricting the use of general search warrants, not with prohibiting warrantless felony arrests. *Id.* at 419-20 (quoting *Rohan v. Swain*, 59 Mass. 281, 284-85 (1850)); *see id.* at 429-30 (Powell, J., concurring). Almost all of the states have enacted statutes which explicitly authorize warrantless arrests in felony cases if probable cause is present. This "traditional and almost universal standard for arrest without a warrant" is reflected in American Law Institute Model Code of Pre-arraignment Procedure § 120.1 (1975). *Id.* at 421-22. Both the federal and state governments have long permitted "warrantless public arrests on probable cause rather than [] encumber criminal prosecutions with endless litigation with respect to the existence of exigent circumstances, whether it was practicable to get a warrant, whether the suspect was about to flee, and the like." *Id.* at 423-24.

Although American Samoa requires an arrest warrant in most cases, the exceptions described in A.S.C.A. § 46.0805 reflect the common-law rules which lay the foundation for states' warrantless-arrest statutes. These exceptions include arrests for misdemeanors and felonies committed in an officer's presence and those based on "reasonable grounds" that a felony or breach of the peace has been committed.[1]

The purpose of these statutory provisions is to promote efficient law enforcement, while at the same time protecting individual rights. The Fono has decided to provide an additional protection for these rights, beyond the protections required by the United States Constitution and the

---

[1] *Cf.* A.S.C.A. § 46.0805 and A.L.I. Model Code of Pre-arraignment Procedure § 120.1(1) (cited in *Watson*, 423 U.S. at 422 n.11).

Revised Constitution of American Samoa. However, the meaning of the statute must be ascertained in light of its purpose. That purpose is to insure the arrest of the person who actually committed the crime, not to create loopholes through which a criminal can escape. The statute must be interpreted so as to further this purpose. If the Fono had wanted to impose additional requirements for warrantless arrests, it could have done so. *See, e.g., Dejarnette v. State*, 732 S.W.2d 346, 349 (Tex. Crim. App. 1987) (Tex. Code Crim. Proc. Ann. Art. 14.04 imposes an additional "offender is about to escape" requirement). However, it chose not to do so. Given the crucial need for effective law enforcement and the "traditional and almost universal standard for arrest without a warrant," we are disinclined to impose any requirements beyond those in the statute.

The purpose of American Samoa's arrest-warrant requirement is to protect individuals' civil liberties, not to permit criminals to escape justice through legal technicalities. Defendant's arguments that the police failed to comply with the exception set forth in A.S.C.A. § 46.0805 fall into the latter category. His first contention is that the police did not "find" him since he had, in effect, turned himself in. This is nothing more than an exercise in semantics. Second, defendant's claim that he was not "near" the crime scene is without merit. Analogous to the idea of "hot pursuit," "near" under the statute is a relative term, used to help insure that the suspect arrested is the perpetrator of the crime. The purpose of the statute is primarily to insure that police do not avoid normal arrest procedures merely for the sake of convenience, not to establish a particular geographical "sphere" around a crime scene. In any event, defendant's house, located in the village of Vaitogi, was only about a mile inland from the cliffs--the scene of the tampering charge-- where the defendant had invited the police to meet with him. Third, defendant's contention that he was not arrested a "short time" after the crime was committed is erroneous. Four hours between defendant's phone call and his arrest is short enough. Also, the time lapse did not occur because of any police attempt to violate the defendant's rights. In contrast with routine criminal investigations, the police were in active pursuit of a suspect and sought to apprehend him while the evidence connecting him to the crime was still fresh and in existence. The validity of this concern is borne out by defendant's charge of tampering with physical evidence.

In summary, the police complied with the statutory mandates of the arrest-warrant exception under A.S.C.A. § 46.0805(3). Even defendant concedes that the police had sufficient evidence to constitute

"probable cause." Thus, the failure to get an arrest warrant beforehand did not violate the statute's purpose or prejudice the defendant. Therefore, defendant's arrest without a warrant was, in our view, lawful.

## B. Voluntariness of Confession

Any confession must comply with the requirements set forth in *Miranda v. Arizona*, 384 U.S. 436 (1966). Although certain elements have been clarified or modified over the years, *Miranda* remains the hallmark case governing custodial interrogations by the police. In essence, if a suspect "voluntarily, knowingly and intelligently" waives his rights to remain silent and to an attorney, a statement made by a suspect who is in custody is admissible. *Id.* at 444. This is especially true if the suspect expressly states that he wants to make a statement and does not want a lawyer, and shortly thereafter he makes a statement. *Id.* at 475. Volunteered statements are also admissible as evidence. *Id.* at 478.

Defendant indeed "voluntarily, knowingly and intelligently" waived his constitutional rights, and so his confession is admissible. After informing the defendant that he was a suspect in the shooting, Officer Meuta Mageo, Jr., utilizing a standard warning form used by the police, led the defendant through the warning process by advising him of his constitutional rights and inquiring whether he understood those rights. After the defendant had acknowledged that he understood his rights and indicated that he wished to make a statement, Officer Mageo similarly explained to him the consequences of waiver. Throughout this procedure Officer Mageo repeatedly emphasized the serious nature of the criminal charge and cautioned the defendant that any statements he made could be used against him at trial. After further informing him that he was waiving his rights by making a statement and that he did not have to make a statement unless he wanted to, the defendant nonetheless responded that he wanted to talk to the officer. Contrary to defendant's statements, the only "plain" fact is that defendant knowingly and voluntarily waived his rights, including his right to counsel and right to remain silent. His claims that he cooperated because he was scared of being beaten by the police appear very much to be nothing more than excuses in hindsight, especially when the defendant himself sought out the police in the first place. We find that the defendant was competent to knowingly and voluntarily waive his constitutional rights. He clearly waived those rights and made a written statement, which was similarly a voluntary decision of his own free will. The defendant was thus not denied his constitutional rights.

## CONCLUSION

Defendant's arrest was lawful under the warrantless-arrest exception contained in A.S.C.A. § 46.0805. Furthermore, defendant made a knowing and voluntary decision to waive his constitutional rights to make a statement. Therefore, defendant's motion to suppress is hereby DENIED.

It is so ordered.