IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-446-CR





LINZY ORISE,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF FAYETTE COUNTY, 155TH JUDICIAL DISTRICT



NO. 92R-074, HONORABLE DAN R. BECK, JUDGE PRESIDING



 





 After finding appellant guilty of the offense of possession of a controlled substance,
cocaine, in an amount less than twenty-eight grams, Controlled Substances Act, 71st Leg., R. S.,
ch. 678, sec. 1, § 481.115(b), 1989 Tex. Gen. Laws 2230, 2936 (Tex. Health & Safety Code
Ann. § 481.115(b), since amended), the jury assessed punishment, enhanced by a prior felony
conviction, at confinement for twenty years and a fine of $5,000. In three points of error,
appellant asserts that the trial court abused its discretion in admitting evidence obtained as a result
of a warrantless arrest in violation of the Fourth and Fourteenth Amendments to the United States
Constitution, Article I, section 9 of the Texas Constitution, and the Texas Code of Criminal
Procedure. We will overrule appellant's points of error and affirm the judgment of the trial court.

 La Grange Chief of Police Eugene Ulbrich testified about events that preceded
appellant's arrest. Ulbrich received information in August 1992 that appellant and Reginald
Holloway were selling crack cocaine out of apartment number 7 at 1003 Guadalupe Street in
La Grange, a location Ulbrich recognized as a high crime area for narcotic trafficking. "Ten or
twenty" drug arrests had been made at the Guadalupe Street apartments over a period of five
years. L. D. Craft, a narcotic addict, agreed to accompany Ulbrich to the apartments on August
29, 1992, so that Craft could make a narcotics buy. Prior to their arrival at the apartment, a
search of Craft's body and clothing was made to insure that he had nothing in his possession other
than the fifty dollars he was given to make the purchase. Upon arrival at the Guadalupe Street
location, Ulbrich remained concealed under a sheet on the floor of the unmarked car while Craft
approached appellant, who was in front of the apartment. Ulbrich was able to recognize
appellant's voice by monitoring a body mike that had been placed on Craft. Craft asked appellant
about Reginald, telling appellant that he wanted to purchase fifty dollars worth of cocaine. Craft
and appellant entered the apartment where Craft purchased what was represented as crack cocaine
from Reginald. Craft returned to the car with a substance Ulbrich recognized from experience
to resemble crack cocaine. After a search warrant was obtained for the apartment, Ulbrich and
other officers returned to the apartment in patrol cars. When the officers approached the scene,
appellant was standing, and Reginald was sitting in a chair close to apartment number 6. 
Appellant ran "full speed" to the door of apartment number 7. Because appellant was "fleeing,"
Ulbrich yelled to him, "Police, stop." Appellant "then took off running around the apartment." 
Ulbrich pursued appellant until he was able to catch him at the "second set of apartments on
Logan Lane." After Ulbrich pointed his gun toward appellant, "he [appellant] took some
substance and threw it up against the wall and started to run but laid face down on the ground." 
A "cigarette pack with some crack cocaine in it, a clear plastic baggie with marihuana and some
zig zag cigarette rolling papers" were removed from appellant's right front pocket.

 William Chandley, a Department of Public Safety forensic chemist, analyzed the
substances offered in evidence by the State. The substance Craft purchased at the apartment
contained .34 grams of cocaine. The bag taken from appellant's pant pocket contained 7.38 grams
of cocaine. The substance appellant threw against the wall tested negative as to controlled
substance content.

 Since appellant consolidates his three points of error for discussion, we will address
them accordingly. The thrust of appellant's contention is that the warrantless arrest of appellant
was illegal since Ulbrich had ample time to secure a warrant for appellant's arrest following the
purchase that occurred on the initial visit to the apartment. Appellant urges that the State has not
discharged its burden under the Fourth and Fourteenth Amendments to the United States
Constitution and Article I, Section 9 of the Texas Constitution of proving by clear and convincing
evidence that a warrantless arrest was reasonable under the totality of the circumstances. Thus,
appellant argues that the seizure of the contraband was tainted by an illegal arrest.

 Appellant advances no argument or authority concerning the protection or authority
provided by the Texas Constitution or how the protection differs from the protection provided by
the United States Constitution. Hence, we need not address appellant's Texas Constitutional
claims. See Muniz v. State, 851 S.W.2d 238, 251 (Tex. Crim. App.) (requiring state and federal
constitutional claims to be argued in separate grounds), cert. denied, 114 S. Ct. 116 (1993).

 Probable cause for a warrantless arrest exists at the moment the facts and
circumstances within the officer's knowledge, and of which he has reasonably trustworthy
information, are sufficient to warrant a prudent person in believing that the arrested person has
committed or is committing an offense. Britton v. State, 578 S.W.2d 685, 689 (Tex. Crim. App.
1978), cert. denied, 444 U.S. 955 (1979). The standard for reviewing the existence of probable
cause is the "totality of the circumstances" as set forth in Illinois v. Gates, 462 U.S. 213, 238
(1983). The totality-of-the-circumstances standard applies to warrantless as well as warrant
searches. Angulo v. State, 727 S.W.2d 276, 278 (Tex. Crim. App. 1978). Officers may consider
prior knowledge, personal observation, and reasonably trustworthy information in making their
evaluation of probable cause. Beverly v. State, 792 S.W.2d 103, 105 (Tex. Crim. App. 1990). 
In the instant cause, the officers' prior knowledge about narcotic activity at the apartment
complex, along with information obtained as the result of the crack cocaine purchase, clearly
established probable cause to obtain a search warrant for the apartment.

 Appellant contends that subsequent events showed that Ulbrich intended to arrest
appellant when he obtained the search warrant and that the officer should have secured a warrant
for appellant's arrest at that time. We must determine whether there were exigent circumstances
to justify the warrantless arrest of appellant. The resolution of this issue turns on whether the
officers possessed satisfactory information that a felony had been committed, that the offender was
about to escape, and there was no time to procure a warrant. See Tex. Code Crim. Proc. Ann.
art. 14.04 (West 1977); Dejarnette v. State, 732 S.W.2d 346, 351 (Tex. Crim. App. 1987). "The
police officers themselves may observe conduct which indicates that the offender is about to
escape." Crane v. State, 786 S.W.2d 338, 347 (Tex. Crim. App. 1990). In the instant cause,
the officers had reasonably trustworthy information that an offense had been committed at the
apartment to be searched and that appellant had a role in the commission of the offense. 
Assuming that appellant is correct in implying that probable cause existed to obtain a warrant for
his arrest as a result of the sale, we perceive no error in the warrantless arrest in light of
appellant's flight upon the arrival of the officers. See Fullylove v. State, 629 S.W.2d 176, 177
(Tex. App.--Dallas 1982, no pet.).

 Moreover, a peace officer may arrest, without warrant, "persons found in
suspicious places and under circumstances which reasonably show that such persons have been
guilty of some felony or breach of peace, or threaten, or are about to commit some offense against
the laws." Tex. Code Crim. Proc. Ann. art. 14.03(a)(1) (West Supp. 1994). "Rarely is any place
suspicious per se. . . . Additional facts and reasonable inferences therefrom, however, may
justifiably render a place suspicious from a police officer's perspective." Muniz, 851 S.W.2d at
251 (citations omitted). While the apartment was not a suspicious place per se, information
possessed by the officers about drug activity at the apartments, knowledge of appellant's role in
a sale of crack cocaine earlier that day, and appellant's reaction when the officers approached the
apartments in patrol cars, placed appellant in a suspicious location under circumstances which
showed that appellant had committed some offense against the law. Hence, there was probable
cause for appellant's warrantless arrest. Appellant's points of error are overruled. 

 The judgment is affirmed.



 

 Tom G. Davis, Justice

Before Justices Aboussie, B. A. Smith and Davis*

Affirmed

Filed: December 7, 1994

Do Not Publish


















* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).