dqsmith 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00120-CR







DeQuincy Smith, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 0960207, HONORABLE MIKE LYNCH, JUDGE PRESIDING








 This is an appeal from a conviction for aggravated assault with a deadly weapon. See Tex.
Penal Code Ann. § 22.02 (West 1994). Appellant, DeQuincy Smith, was sentenced to twenty years'
confinement in the Texas Department of Criminal Justice--Institutional Division. In two points of error,
Smith complains that the trial court erred in denying his motion to suppress his written confession and
certain other evidence because the police obtained the confession and the evidence pursuant to an illegal
arrest. We will affirm.



BACKGROUND


 On September 5, 1995, at approximately 9:00 p.m., the Austin Police Department
responded to a report of a large group of males fighting in a convenience store parking lot at 7309
Cameron Road. Officer Dunn and other officers arrived within minutes. The store's clerk informed Dunn
that Smith was involved in the fight and that the store's security camera recorded the fight, including Smith. 
After learning this information, Dunn, who knew Smith and knew he lived in an apartment complex within
100 yards of the store, went to the complex to locate Smith and investigate further.

 When Dunn arrived at the complex, he saw Smith's brother, Clarence, in the parking lot
near a telephone booth. Dunn approached Clarence and questioned him about the fight at the store. While
they were talking, Smith emerged from between two buildings, approached them, and demanded to know
why Dunn was speaking to his brother. Smith appeared agitated, aggressive, defensive, and intoxicated. 
Smith denied that he or his brother had been involved in the fight and asserted that they had been at the
apartment complex all evening. His brother urged Smith, "No, just tell them. Just tell them." Smith replied,
"No."

 Officer Butler followed Dunn to the apartment complex after viewing the convenience
store's surveillance video. Butler identified Smith as one of the persons on the videotape. Dunn handcuffed
Smith, placed him in the police car, and drove him to the convenience store. When they arrived at the
store, Dunn advised Smith of his Miranda rights. See Miranda v. Arizona, 384 U.S. 436 (1966). The
store clerk identified Smith as a person involved in the fight.

 After he was given his Miranda warnings, Smith stated that a Mexican man hit him first,
so Smith hit him back. In response to this statement, Dunn inspected Smith's person for signs that he had
been involved in an altercation. Dunn observed what appeared to be blood splattered on Smith's clothes
and shoes. Dunn put Smith back in the police car and drove him to the police station. On the way, Smith
voluntarily told Dunn that he "wasn't a punk" and that if someone "spurred" him, he would "spur them back."

 Two days later, on the evening of September 7, 1995, while still in custody, Smith again
was advised of his Miranda rights and gave a written statement to Officer Ralph Tijerina. Smith was
indicted for engaging in organized crime and aggravated assault. See Tex. Penal Code Ann. § 22.02 &
§ 71.02 (West 1994 & Supp. 1997). On January 9, 1996, the trial court held a pretrial hearing on, among
other things, Smith's motion to suppress the written statement that is the subject of this appeal. (1) After
hearing testimony, the trial court denied the motion to suppress, (2) but the confession was never admitted in
evidence. While Smith's motion requested that the court suppress all evidence seized pursuant to his arrest,
he did not specifically request suppression of testimony relating to Dunn's observation of blood on Smith's
clothing and shoes. (3) Consequently, the trial court was not asked to and did not specifically rule on
suppression of that evidence.

 Smith entered into a plea bargain agreement with the State whereby he pleaded guilty to
the offense of aggravated assault with a deadly weapon, and the State waived the organized crime charges
and recommended a twenty-year sentence. Smith was convicted and sentenced to twenty years'
confinement in the Texas Department of Criminal Justice--Institutional Division.



DISCUSSION


 In two points of error, Smith complains that the trial court erred by failing to suppress his
written confession and Dunn's testimony that he observed blood on Smith because the police obtained both
pursuant to an illegal arrest.

 Police officers must generally obtain an arrest warrant before taking a person into custody. 
Dejarnette v. State, 732 S.W.2d 346, 349 (Tex. Crim. App. 1987). Warrantless arrests are permitted,
however, under certain circumstances. See Tex. Code Crim. Proc. Ann. arts. 14.01-.02, .04 (West 1977)
& art. 14.03 (West Supp. 1997).

 The State has the burden to prove it had probable cause to make a warrantless arrest and
that the arrest met at least one of the exceptions to the warrant requirement. See Amores v. State, 816
S.W.2d 407, 413 (Tex. Crim. App. 1991); Wilson v. State, 621 S.W.2d 799, 804 (Tex. Crim. App.
1981). In Beck v. Ohio, 379 U.S. 89 (1964), the United States Supreme Court stated that the test for
probable cause for an arrest without a warrant is, "[w]hether at that moment the facts and circumstances
within [the officer's] knowledge and of which [he] had reasonably trustworthy information were sufficient
to warrant a prudent man in believing that the [arrested person] had committed or was committing an
offense." Id. at 91. The "totality of the circumstances" test is applicable in Texas for determining if officers
had probable cause for a warrantless arrest. Amores, 816 S.W.2d at 413.

 In Muniz v. State, 672 S.W.2d 804, 807 (Tex. Crim. App. 1984), the Texas Court of
Criminal Appeals held that an officer had probable cause to make a warrantless arrest under the
circumstances. Muniz and his companion matched a description given by a burglary victim and shortly
thereafter were found walking three blocks from the crime scene. The two men emptied their pockets as
the officer approached and gave the arresting officer inconsistent explanations for their behavior. Upon
returning to the location where Muniz and his companion emptied their pockets, the officer found a
screwdriver and two watches. Id.

 We believe the facts of Smith's case, as those in Muniz, support a finding that there was
probable cause to arrest Smith. Dunn was informed that an aggravated assault had just occurred. Smith
had been identified as a perpetrator by both an eye witness and an officer who viewed a videotape of the
fight. Dunn knew Smith lived nearby and he located Smith within 100 yards of the crime scene. Smith's
attitude was immediately defensive and agitated. His brother Clarence tried to convince Smith to admit
something to the officer when Smith denied involvement, but Smith refused. Under these facts and the
totality of the circumstances, the trial court could find that Dunn had probable cause to believe Smith had
just committed a crime and to arrest Smith without a warrant.

 Smith's arrest also qualifies as a legal warrantless arrest under the suspicious places and
circumstances exception of article 14.03(a)(1) of the Code of Criminal Procedure. See Tex. Code Crim.
Proc. Ann. art. 14.03(a)(1) (West Supp. 1997). This exception authorizes the warrantless arrest of
persons "found in suspicious places and under circumstances which reasonably show that such persons
have been guilty of some felony. . . ." Id. Circumstances which reasonably show that a particular person
is guilty of a felony is the functional equivalent of probable cause to believe that a particular person
committed a felony. Johnson v. State, 722 S.W.2d 417, 421 (Tex. Crim. App. 1986). Few, if any,
places are suspicious in and of themselves; however, facts available to an officer, combined with reasonable
inferences from those facts, may arouse justifiable suspicion. Id.

 Smith's apartment complex parking lot was not a suspicious place in and of itself, yet the
circumstances under which he was found there made it so. The store clerk and Officer Butler had identified
Smith as committing the offense. The apartment complex was in close proximity to the crime scene, and
both Smith and his brother were outside the apartment. Clarence was in the lot, and Smith quickly
emerged from between two buildings when he saw Dunn talking to him. The brother's behavior indicated
that he and Smith were withholding information, and Smith appeared defensive and belligerent when Dunn
spoke to Clarence. Law enforcement did not contrive Smith's presence near the scene, nor was he in a
place where he had an expectation of privacy. These facts and circumstances, coupled with reasonable
inferences, made appellant's presence in the apartment parking lot suspicious for the purposes of article
14.03(a)(1). See id. at 419-21. Therefore, under the record, the trial court could determine that Smith's
arrest was authorized under the suspicious place and circumstances exception in article 14.03(a)(1). 
Appellant has failed to demonstrate that the trial court erred or abused its discretion in overruling the motion
to suppress Smith's written confession.

 Smith contends that, because his confession and Dunn's observation of blood on his
clothing were obtained pursuant to an unlawful arrest, the trial judge should have suppressed both. 
However, having determined that Officer Dunn had probable cause to make the arrest, and that the arrest
fell under the suspicious place and circumstances exception to the warrant requirement, the evidence is not
prohibited under article 38.23 of the Texas Code of Criminal Procedure. See Tex. Code. Crim. Proc.
Ann. art. 38.23(a) (West Supp. 1997). In any event, the officer was free to testify to objective evidence
he observed in plain view on appellant's clothes.

 Furthermore, although Smith requested in his motion that the trial court suppress all
evidence obtained pursuant to the allegedly illegal arrest, Smith did not specifically challenge Dunn's
testimony that he observed blood on Smith's clothing and did not obtain a specific ruling from the trial court
regarding the blood testimony. The trial court only ruled on specific oral and written statements challenged
by Smith and did not rule on the motion in its entirety. Because Smith did not obtain a ruling on the blood
testimony, he has not properly preserved the issue of its suppression for appeal. See Tex. R. App. P.
52(a). We overrule Smith's two points of error.



CONCLUSION


 Having overruled appellant's points of error, we affirm the trial court's judgment.



 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and Jones

Affirmed

Filed: December 5, 1996

Do Not Publish

1.   Smith also sought to suppress four oral statements. The trial court denied his motion to
suppress the oral statements, but Smith does not complain of that ruling on appeal.
2.   Smith asserted that the written statement was obtained pursuant to an illegal arrest and
was involuntary; however, Smith's counsel conceded at the hearing that the statement was
voluntary.
3.   At the hearing, Smith only complained about the written and oral statements and did not
raise the blood testimony evidence.


spicious places and under circumstances which reasonably show that such persons
have been guilty of some felony. . . ." Id. Circumstances which reasonably show that a particular person
is guilty of a felony is the functional equivalent of probable cause to believe that a particular person
committed a felony. Johnson v. State, 722 S.W.2d 417, 421 (Tex. Crim. App. 1986). Few, if any,
places are suspicious in and of themselves; however, facts available to an officer, combined with reasonable
inferences from those facts, may arouse justifiable suspicion. Id.

 Smith's apartment complex parking lot was not a suspicious place in and of itself, yet the
circumstances under which he was found there made it so. The store clerk and Officer Butler had identified
Smith as committing the offense. The apartment complex was in close proximity to the crime scene, and
both Smith and his brother were outside the apartment. Clarence was in the lot, and Smith quickly
emerged from between two buildings when he saw Dunn talking to him. The brother's behavior indicated
that he and Smith were withholding information, and Smith appeared defensive and belligerent when Dunn
spoke to Clarence. Law enforcement did not contrive Smith's presence near the scene, nor was he in a
place where he had an expectation of privacy. These facts and circumstances, coupled with reasonable
inferences, made appellant's presence in the apartment parking lot suspicious for the purposes of article
14.03(a)(1). See id. at 419-21. Therefore, under the record, the trial court could determine that Smith's
arrest was authorized under the suspicious place and circumstances exception in article 14.03(a)(1). 
Appellant has failed to demonstrate that the trial court erred or abused its discretion in overruling the motion
to suppress Smith's written confession.

 Smith contends that, because his confession and Dunn's observation of blood on his
clothing were obtained pursuant to an unlawful arrest, the trial judge should have suppressed both. 
However, having determined that Officer Dunn had probable cause to make the arrest, and that the arrest
fell under the suspicious place and circumstances exception to the warrant requirement, the evidence is not
prohibited under article 38.23 of the Texas Code of Criminal Procedure. See Tex. Code. Crim. Proc.
Ann. art. 38.23(a) (West Supp. 1997). In any event, the officer was free to testify to objective evidence
he observed in plain view on appellant's clothes.

 Furthermore, although Smith requested in his motion that the trial court suppress all
evidence obtained pursuant to the allegedly illegal arrest, Smith did not specifically challenge Dunn's
testimony that he observed blood on Smith's clothing and did not obtain a specific ruling from the trial court
regarding the blood testimony. The trial court only ruled on specific oral and written statements challenged
by Smith and did not rule on the motion in its entirety. Because Smith did not obtain a ruling on the blood
testimony, he has not properly preserved the issue of its suppression for appeal. See Tex. R. App. P.
52(a). We overrule Smith's two points of error.



CONCLUSION


 Having overruled appellant's points of error, we affirm the trial court's judgment.



 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and Jones

Affirmed

Filed: December 5, 1996

Do Not Publish

1.   Smith also sought to suppress four oral statements. The trial court denied his motion to
suppress the oral statements, but Smith does not complain of that ruling on appeal.
2.   Smith asserted that the written statement was obtained pursuant to an illegal arrest and
was involuntary; however, Smith's counsel conceded at the hearing that the statement was
v