Randy John BACHICK, Appellant,

v.

The STATE of Texas, State.

No. 2–98–392–CR.

Court of Appeals of Texas,
Fort Worth.

Sept. 14, 2000.

Earl R. Waddell, III, Fort Worth, for Appellant.

Tim Curry, Crim. Dist. Atty., Charles M. Mallin, Asst. Crim. Dist. Atty., Chief of the Appellate Section, Donald J. Piller, Andrew Piel, Whitney Wiedeman, Asst. Crim. Dist. Attys., Fort Worth, for Appellee.

Panel A: CAYCE, C.J.; DAY and DAUPHINOT, JJ.

## OPINION ON REMAND

SAM J. DAY, Justice.

### I. INTRODUCTION

Appellant Randy John Bachick entered an open plea of guilty to the offense of driving while intoxicated after the trial court denied his motion to suppress. The trial court assessed punishment at 90 days' confinement, probated for two years, and a $450 fine.

On original submission, Appellant argued in two points that the trial court erred in not suppressing evidence obtained after he was stopped for a traffic violation. We affirmed the trial court's judgment after concluding that Appellant's contentions were waived under the *Helms* rule.[1] The Texas Court of Criminal Appeals reversed our judgment and remanded the case to reconsider our decision in light of *Young v. State*, 8 S.W.3d 656 (Tex.Crim. App.2000). In *Young*, the court restricted the *Helms* rule, stating that a valid plea of guilty, with or without a plea agreement in place, waives or forfeits the right to appeal a claim of error "only when the judgment of guilt was rendered independent of, and is not supported by, the error." *Id.* at 667. In the present case, we cannot say that the judgment of guilt was rendered independent of the trial court's alleged error. *See id.* at 667 n. 32. Thus, we now address the merits of Appellant's two points.

### II. BACKGROUND

On June 21, 1997, Euless Police Officer Tony D. Burnett was traveling westbound on Pipeline Road in Euless when he noticed a pickup ahead of him swerving within its lane. As Burnett watched, the driver made a right turn at the intersection of Forest Ridge Drive and Pipeline Road without stopping completely at a red light. Burnett turned on his overhead lights and the driver, Appellant, pulled over into a parking lot. The traffic light that Appellant ran was in Euless; the parking lot where he stopped was in Bedford.

Burnett approached Appellant's pickup and immediately noticed a strong odor of an alcoholic beverage on Appellant's breath. Burnett asked Appellant to step out of his vehicle. As Appellant complied, Burnett noticed that his coordination was poor. Burnett administered several field sobriety tests. After Appellant failed the tests, Burnett concluded that he was intoxicated. Burnett placed Appellant under arrest and transported him to the Euless

---

1. *Helms v. State*, 484 S.W.2d 925 (Tex.Crim. App.1972).

City Jail. There, Appellant refused to take a breath test, stating, "We both know I have had too much to drink." Appellant also refused, on video, to repeat the field sobriety tests. He was later charged with driving while intoxicated.

On appeal, Appellant contends in his first point that the trial court erred in determining that Burnett had authority to perform an investigative detention outside the officer's jurisdiction. In point two, he argues that the trial court erred in failing to suppress evidence obtained in violation of article 14.03(d) of the code of criminal procedure.[2]

### III. STANDARD OF REVIEW

■ Historically, a trial court's decision involving a motion to suppress has been reviewed under an abuse of discretion standard. *See Villarreal v. State*, 935 S.W.2d 134, 138 (Tex.Crim.App.1996). However, where the underlying facts are undisputed, mixed questions of law and fact must now be reviewed *de novo*. *See Guzman v. State*, 955 S.W.2d 85, 87, 89 (Tex.Crim.App.1997). This is because the trial court is not in an appreciably better position than a reviewing court to apply the law to the uncontroverted facts of a case. *See id.* at 87. Because the facts before us are not in dispute, we review this case *de novo*.

### IV. TEMPORARY DETENTION

■ In his first point, Appellant concedes that Burnett had authority to stop and arrest him outside the officer's jurisdiction for the traffic offense that occurred in Euless (running the red light). Thus, the legality of the *initial* traffic stop is not at issue. Whether Burnett had a reasonable suspicion to detain Appellant and probable cause to arrest are also not in issue. Rather, Appellant simply argues

that because Burnett possessed no evidence of Appellant's intoxication at the time he initiated the traffic stop, the officer was without authority to conduct a "field sobriety investigation" outside his jurisdiction.[3] Stated another way, Appellant would have this court hold that when an officer undertakes a valid traffic stop outside his jurisdiction, he may not investigate any other offenses, even if the officer develops a reasonable suspicion in the course of the initial stop to believe a second offense has been committed. For the reasons stated below, we decline to do so.

■ A routine traffic stop is a temporary investigative stop. *See Ortiz v. State*, 930 S.W.2d 849, 856 (Tex.App.—Tyler 1996, no pet.); *Campbell v. State*, 864 S.W.2d 223, 225 (Tex.App.—Waco 1993, pet. ref'd). A temporary detention is justified when the detaining officer has specific articulable facts, which taken together with rational inferences from those facts, lead him to conclude that the person detained has been engaged in criminal activity. *See Woods v. State*, 956 S.W.2d 33, 38 (Tex.Crim.App.1997). As part of this temporary detention, an officer may ask an individual to step out of his automobile. *See Gearing v. State*, 685 S.W.2d 326, 329 (Tex.Crim.App.1985); *Graham v. State*, 893 S.W.2d 4, 7 (Tex.App.—Dallas 1994, no pet.). An officer is entitled to rely on all of the information obtained during the course of his contact with the citizen in developing the articulable facts that would justify a continued investigatory detention. *See Ortiz*, 930 S.W.2d at 856; *Bustamante v. State*, 917 S.W.2d 144, 146 (Tex.App.—Waco 1996, no pet.).

■ Once a police officer makes a bona fide stop or arrest for a traffic offense, he can make an additional arrest for any other offense unexpectedly discovered while investigating or questioning the mo-

---

2. This provision is set forth in its entirety below.

3. Appellant relies on *Reichaert v. State*, 830 S.W.2d 348 (Tex.App.—San Antonio 1992, pet. ref'd) and *Dominguez v. State*, 924

S.W.2d 950 (Tex.App.—El Paso 1996, no pet.), but these cases do not support his proposition and are factually distinguishable from this case.

torist. *See Attwood v. State,* 509 S.W.2d 342, 344 (Tex.Crim.App.1974); *Hernandez v. State,* 867 S.W.2d 900, 907 (Tex.App.— Texarkana 1993, no pet.). It follows that he may also investigate any other offense that he reasonably suspects has been committed, even if the officer developed that reasonable suspicion during the course of a temporary detention for another crime.

In this case, Burnett stopped Appellant because he observed Appellant commit a traffic offense. As noted above, Appellant does not challenge the propriety of this detention—he concedes it was valid. In the course of the stop, Burnett asked Appellant to step out of his car, as he was entitled to do. When Appellant complied, Burnett observed that his coordination was poor and he smelled strongly of alcohol. At this point, Burnett reasonably suspected that Appellant was guilty of a more serious crime—driving while intoxicated— and was justified in detaining him to investigate the second offense. Police officers are not required to turn a blind eye toward the commission of other offenses, even if they do not have reason to suspect the second offense at the time the initial investigatory detention commenced. Because Burnett had authority to investigate the second offense that he reasonably suspected Appellant had committed, the trial court did not err in denying the motion to suppress. Point one is overruled.

## V. THE EXCLUSIONARY RULE

In his second point, Appellant contends that the trial court erred in admitting evidence obtained in violation of subdivision (d) of article 14.03. This subdivision provides:

> A peace officer who is outside his jurisdiction may arrest, without warrant, a person who commits an offense within the officer's presence or view, if the offense is a felony, a violation of Title 9,

Chapter 42, Penal Code, a breach of the peace, or an offense under Section 49.02, Penal Code. *A peace officer making an arrest under this subsection shall, as soon as practicable after making the arrest, notify a law enforcement agent having jurisdiction where the arrest was made.* The law enforcement agency shall then take custody of the person committing the offense and take the person before a magistrate in compliance with Article 14.06.

TEX.CODE CRIM. PROC. ANN. art. 14.03(d) (Vernon Supp.2000) (emphasis added).[4] Here, it is undisputed that Burnett did not notify any law enforcement agency with jurisdiction in Bedford regarding Appellant's arrest. As a result, Appellant argues that his statement to Burnett, "We both know I've had too much to drink," and the videotape of him recorded at the Euless Police Department should have been excluded pursuant to article 38.23 of the code of criminal procedure.

Article 38.23 provides in relevant part:

> No evidence obtained by any officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

TEX.CODE CRIM. PROC. ANN. art. 38.23(a) (Vernon Supp.2000). Not every violation of a "law" of Texas, however, will invoke the exclusionary rule. *See Roy v. State,* 608 S.W.2d 645, 650–51 (Tex.Crim.App. [Panel Op.] 1980). Article 38.23(a) may not be invoked for statutory violations unrelated to the purpose of the exclusionary rule.[5] *See Lane v. State,* 951 S.W.2d 242, 243 (Tex.App.—Austin 1997, no pet.); *Carroll v. State,* 911 S.W.2d 210, 221 (Tex. App.—Austin 1995, no pet.). The primary purpose of the exclusionary rule is to deter

---

**4.** Subdivision (g) contains a similar grant of authority that is limited to peace officers licensed under chapter 415 of the government code. *See* TEX.CODE CRIM. PROC. ANN. art. 14.03(g) (Vernon Supp.2000). Because there is no evidence in the record that Burnett was

licensed under this chapter, this provision is inapplicable.

**5.** For example, in *Roy v. State,* the court of criminal appeals held that violation of the assumed name statute by undercover officers

police activity that could not have been reasonably believed to be lawful by the officers committing the conduct. *See Drago v. State,* 553 S.W.2d 375, 378 (Tex.Crim. App.1977). Where there is nothing in the record to indicate that the objectionable evidence was obtained as a result of the alleged statutory violation, exclusion is not required. *See Stockton v. State,* 756 S.W.2d 873, 874 (Tex.App.—Austin 1988, no pet.).

In *Rowland v. State,* 983 S.W.2d 58, 60 (Tex.App.—Houston [1 st Dist.] 1998, pet. ref'd), a DWI defendant argued the trial court erred in allowing evidence that he had refused to take a breath test. The appellant argued that his refusal to submit to the breath test was inadmissible under article 38.23 because he did not receive a written copy of the statutory warnings before the officer asked him to submit to the breath test, as required by section 724.015 of the transportation code. TEX. TRANSP. CODE ANN. § 724.015 (Vernon 1999). The *Rowland* court determined that the appellant had failed to show a causal connection between the evidence obtained, i.e., his refusal to take the breath test, and the fact that he was not given the written warnings before he refused, and thus article 38.23 did not mandate exclusion. *See id.* at 60.

 Here, the State argues that Burnett's failure to comply with the notice requirement in section 14.03(d) of the code of criminal procedure has nothing to do with the purpose of the exclusionary rule. The State also contends that Appellant has failed to show that any of the facts of this case would have been different if he had been turned over to the Bedford authorities or the Tarrant County Sheriff's Department. We agree on both counts. The notice requirement in section 14.03(d) is administrative in nature and is unrelated to the purpose of the exclusionary rule. Additionally, there is nothing to indicate that even if the Bedford Police Department or Tarrant County Sheriff's Department had taken custody of Appellant, he would have taken the tests he refused to take at the Euless City Jail, or refrained from making the same or similar remarks to the custodial officer. Because this notice requirement is unrelated to the purpose of the exclusionary rule, we hold that the trial court did not err in denying Appellant's motion to suppress. Point two is overruled.

## VI. CONCLUSION

Having overruled Appellant's points on appeal, we affirm the trial court's judgment.

DAUPHINOT, J., concurs without opinion.

---

involved in a "sting" operation did not require suppression of evidence seized in that sting. *See Roy,* 608 S.W.2d at 651. The *Roy* court reached this conclusion because the statute violated was unrelated to the purpose of the exclusionary rule and had no bearing on the officers' undercover operation. *Id.* Other cases have followed suit or reached the same conclusion. *See, e.g., Pannell v. State,* 666 S.W.2d 96, 97–98 (Tex.Crim.App.1984) (holding violation of a disciplinary rule was not a violation of a "state law" within the meaning of the exclusionary rule); *Reeves v. State,* 969 S.W.2d 471, 486–87 (Tex.App.— Waco 1998, pet. ref'd) (holding that violation of article 18.10 of the code of criminal procedure, which requires a court order to remove property from the county in which it was seized, did not render evidence inadmissible under article 38.23); *Fisher v. State,* 839 S.W.2d 463, 469 (Tex.App.—Dallas 1992, no pet.) (holding that violation of health and safety code section 481.159 "has nothing to do with the exclusionary rule"); *Ramirez v. State,* 822 S.W.2d 240, 246 (Tex.App.—Houston [1 st Dist.] 1991, pet. ref'd) (holding an otherwise valid arrest was not invalidated by fact that citizen-informer who assisted officer in arrest illegally possessed a firearm); *Lopez v. State,* 817 S.W.2d 150, 151–53 (Tex.App.— El Paso 1991, no pet.) (holding that improper handling of drugs in violation of health and safety code section 481.59 did not bar admission of evidence under article 38.23); *Stockton v. State,* 756 S.W.2d 873, 874 (Tex.App.— Austin 1988, no pet.) (holding article 38.23(a) does not encompass violations of education code).