TURNBOW V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-260-CR

TERRY STEVE TURNBOW APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Terry Steve Turnbow appeals from his conviction for driving while intoxicated (DWI).  Appellant pled not guilty, the jury found him guilty, and the trial court sentenced him to one hundred eighty days’ imprisonment, probated for two years, and a $650 fine.  In four points, Appellant contends that the trial court erred in denying his motion to suppress.  We affirm. 

This case involves a traffic stop and warrantless arrest that a Tarrant County sheriff deputy made just inside the geographic boundary of Wise County.  One evening while working the graveyard shift, Deputy Kelly Biggs observed Appellant’s vehicle ahead of him on FM 718.  Appellant appeared to be speeding.  As Deputy Biggs drove at the posted speed of sixty miles per hour, he realized that Appellant’s vehicle was pulling away because it was being driven faster.  Also, as Appellant exceeded the posted speed limit,
(footnote: 2) Deputy Biggs saw him cross over the double-striped center line into the oncoming lane of traffic five times.

At the time Deputy Biggs observed the traffic offenses, Appellant and Deputy Biggs were about a mile or two inside the Tarrant County line and were approaching the Wise County line.  Deputy Biggs initiated a traffic stop while the two vehicles were still inside Tarrant County.  By the time Appellant pulled over, however, the two cars had traveled across the county line by approximately seven-tenths of a mile into Wise County.
(footnote: 3)
 Deputy Biggs testified that based upon the speeds that the vehicles were traveling, the amount of time Appellant took to stop was not completely unreasonable.  Deputy Biggs also testified that Appellant had not overtly braked, nor reacted in a way that indicated that he was attempting to comply with the deputy’s request to pull over.  Deputy Biggs notified the dispatcher that Appellant was “failing to yield,” meaning that Appellant was either failing to acknowledge the officer stopping him or was trying to leave.  Despite his notice to the dispatcher, Deputy Biggs testified that he did not feel that he was involved in a chase or in pursuit while following Appellant.

When Deputy Biggs finally encountered Appellant in the stopped car,  Deputy Biggs smelled a strong odor of alcohol on Appellant’s breath.  Deputy Biggs asked Appellant if he had been drinking, and Appellant told him that he had consumed three beers that night.  Appellant had trouble removing his drivers license from his wallet and he had problems maintaining his balance.  His eyes were bloodshot, glassy, and dilated.  Appellant’s speech was slurred and “thick tongued.”  Deputy Biggs said these characteristics indicated to him that Appellant was intoxicated.  Appellant refused to take any field sobriety tests, and Deputy Biggs placed him under arrest.  After the arrest, Appellant made several threatening statements to Deputy Biggs.

Appellant made a pretrial motion to suppress the statements he made to Deputy Biggs, including his statement as to the number of beers he had consumed.  At the suppression hearing, Deputy Biggs testified that when he stopped Appellant he had no intent to arrest him for the offense of failure to maintain a single lane.  On cross-examination, Deputy Biggs testified that when he made the initial stop of Appellant, he did not have probable cause to arrest him.  The trial court overruled Appellant’s motion.  At trial, Deputy Biggs testified to essentially the same facts as those in the suppression hearing.

A trial court's ruling on a motion to suppress is reviewed for abuse of discretion.  
Balentine v. State,
 71 S.W.3d 763, 768 (Tex. Crim. App. 2002); 
Bachick v. State, 
30 S.W.3d 549, 551 (Tex. App.—Fort Worth 2000, pet. ref'd).  We give almost total deference to the trial court's determination of historical facts and review the application of the law to the facts de novo.  
Balentine,
 71 S.W.3d at 768; 
Bachick, 
30 S.W.3d at 551.

In his first and fourth issues, Appellant asserts that the trial court erred in denying his motion to suppress because the initial stop was unlawful.  As a general rule, a police officer must obtain an arrest warrant before taking an individual into custody.  
DeJarnette v. State, 
732 S.W.2d 346, 349 (Tex. Crim. App. 1987).  Warrantless arrests are illegal unless authorized by one of the statutory exceptions to the rule.
  Id.  
Chapter 14 of the code of criminal procedure authorizes arrests without a warrant in limited circumstances.  
See 
Tex. Code Crim. Proc. Ann.
 arts. 14.01, .02, .04 (Vernon 1977) & art. 14.03 (Vernon Supp. 2003).

Appellant asserts that none of the exceptions in chapter 14 justify his arrest.  He first argues that there is no evidence that Deputy Biggs saw him commit an arrestable offense.  
See id. 
art. 14.01.  Appellant contends Deputy Biggs therefore did not have reasonable suspicion to stop him or probable cause to arrest him for any offense after the stop.

The law is well settled that an officer is authorized to stop a motorist who is observed committing a traffic offense.  
See McVickers v. State,
 874 S.W.2d 662, 664 (Tex. Crim. App. 1993).  The transportation code provision pertaining to failure to maintain a single lane of traffic provides:

An operator on a roadway divided into two or more clearly marked lanes for traffic:

 (1) shall drive as nearly as practical entirely within a single lane;  and

 (2) may not move from the lane unless that movement can be made safely.  

Tex. Transp. Code Ann.
 § 545.060 (Vernon 1999).  
A temporary detention, such as a stop for a traffic offense, is justified when specific articulable facts, which taken together with rational inferences from those facts, lead an officer to conclude that the person detained has engaged in criminal activity.  
Bachick, 
30 S.W.3d at 551 (citing 
Woods v. State,
 956 S.W.2d 33, 38 (Tex. Crim. App. 1997)).  These facts must amount to more than a mere hunch or suspicion.
  Davis v. State,
 947 S.W.2d 240, 244 (Tex. Crim. App. 1997).

Here, Appellant states that Deputy Biggs did not see Appellant’s car weave, did not see his car speeding, and did not witness any erratic driving.  On the contrary, the evidence shows that Deputy Biggs testified that he 
saw
 Appellant speed and 
saw 
his car cross the center line five times.  We hold that the trial court did not abuse its discretion because Deputy Biggs set forth articulable facts that raised a reasonable suspicion that Appellant had committed a traffic offense.  
See Bachick,
 30 S.W.3d at 551.

In Appellant’s second and fourth issues, he claims the trial court erred in denying his motion to suppress because Deputy Biggs arrested Appellant outside his jurisdiction and because probable cause to arrest Appellant for DWI arose after the initial traffic stop.  As to the jurisdictional issue, under the “hot pursuit” doctrine, a police officer who lawfully initiates pursuit of a traffic offender on the ground of reasonable suspicion in one jurisdiction may continue the pursuit into another jurisdiction and can arrest the offender in the other jurisdiction.  
Yeager v. State,
 No. 1555-00, slip op. at 7, 2003 WL 1728383, at *3 (Tex. Crim. App. Apr. 2, 2003).  A hot pursuit is lawful even if the officer has only the “right to conduct an investigative detention,” not just a “right to arrest.”  
Id.
 at 6.  An officer can be in “hot pursuit” where he immediately and continuously pursues an offender from a scene of a crime.  
Id.
 at 7.  This doctrine applies even when an officer does not subjectively believe he is in hot pursuit of or is chasing an offender.  
See, e.g., Carmouche v. State,
 10 S.W.3d 323, 328 n.6 (Tex. Crim. App. 2000) (applying 
Whren v. United States,
 517 U.S. 806, 813, 116 S. Ct. 1769, 1774 (1996) (holding that the constitutional reasonableness of traffic stops does not depend on the actual motivations or subjective intentions of the individual officer involved)).

Here, Deputy Biggs’ immediate, continuous pursuit of Appellant was “lawfully initiated on the ground of suspicion” because it began within Tarrant County, Deputy Biggs’ geographic boundary, and was based at least on the deputy’s reasonable suspicion that Appellant had committed a traffic offense.  
See Yeager,
 slip op. at 7, 2003 WL 1728383, at *3.  Appellant’s initial detention in Wise County, therefore, was lawful under the “hot pursuit” doctrine.  
Id.  

As to Appellant’s contention that the trial court erred because Deputy Biggs did not have probable cause to make the initial stop for DWI, this court held in 
Bachick v. State
 that during a lawful investigative detention, such as a traffic stop, an officer is entitled to rely on all of the information obtained during the course of his contact with the citizen in developing the articulable facts that would justify a continued investigatory detention.  30 S.W.3d at 551.  Once a police officer makes a bona fide stop or arrest for a traffic offense, he can make an additional arrest for any other offense unexpectedly discovered while investigating or questioning the motorist.  
See Attwood v. State, 
509 S.W.2d 342, 344 (Tex. Crim. App. 1974); 
Bachick,
 30 S.W.3d at 551-52.  An officer may investigate any other offense that he reasonably suspects has been committed, even if the officer developed that reasonable suspicion during the course of a temporary detention for another crime.  
Bachick, 
30 S.W.3d at 552.

In this case, Deputy Biggs stopped Appellant because he observed Appellant commit a traffic offense.  As we held above, the detention was lawful.  During the course of the stop, Deputy Biggs witnessed facts that caused him to reasonably suspect that Appellant was guilty of a more serious crime—driving while intoxicated—and the deputy was justified in detaining him to investigate the second offense.  Police officers are not required to turn a blind eye toward the commission of other offenses, even if they do not have reason to suspect the second offense at the time the initial investigatory detention commenced.  
Id.  
The trial court did not err, therefore, in denying the motion to suppress.  We overrule issues one, two, and four.

In his third issue, Appellant contends that the trial court erred in admitting evidence obtained in violation of subdivision (d) of article 14.03.  This subdivision provides:

A peace officer who is outside his jurisdiction may arrest, without warrant, a person who commits an offense within the officer's presence or view, if the offense is a felony, a violation of Title 9, Chapter 42, Penal Code, a breach of the peace, or an offense under Section 49.02, Penal Code.  
A peace officer making an arrest under this subsection shall, as soon as practicable after making the arrest, notify a law enforcement agency having jurisdiction where the arrest was made.  
The law enforcement agency shall then take custody of the person committing the offense and take the person before a magistrate in compliance with Article 14.06.  

Tex. Code Crim. Proc. Ann.
 art. 14.03(d) (Vernon Supp. 2003) (emphasis added).  Here, the parties do not dispute that Deputy Biggs did not notify any law enforcement agency with jurisdiction in Wise County regarding Appellant's arrest.  As a result, Appellant argues that the trial court should have excluded all of the evidence, including his statement to Deputy Biggs concerning the three beers he had consumed, pursuant to article 38.23 of the code of criminal procedure.

In 
Bachick
, we held that the requirement of 14.03(d) that a police officer who makes an arrest outside of his jurisdiction notify law enforcement officials within the jurisdiction in which the officer made the arrest is unrelated to the purpose of the exclusionary rule. 30 S.W.3d at 553.  Consequently, Deputy Biggs’ failure to inform law enforcement officials in Wise County after such an extra-jurisdictional arrest does not require suppression of Appellant’s statements.  
See id.  
We overrule Appellant’s third issue.

Having overruled Appellant's issues on appeal, we affirm the trial court's judgment.

PER CURIAM

PANEL A: HOLMAN, J.; CAYCE, C.J. and DAY J.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: May 1, 2003

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
Deputy Biggs testified that Appellant was driving seventy-six miles per hour.

3:
Since a mile is 5,280 feet or 1,760 yards, and seven-tenths of a mile is greater than four hundred yards, code of criminal procedure article 13.04 is inapplicable to the instant discussion.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 13.04 (Vernon Supp. 2003) (providing that an offense committed on the boundaries of two or more counties, or within four hundred yards thereof, may be prosecuted and punished in any one of such counties).