COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-260-CR
 
TERRY STEVE TURNBOW           
           
           
           
           
        APPELLANT
V.
THE STATE OF TEXAS           
           
           
           
           
               
STATE
------------
FROM COUNTY CRIMINAL COURT NO. 1 OF TARRANT COUNTY
------------
MEMORANDUM OPINION
(1)
------------
Appellant Terry Steve Turnbow appeals from
his conviction for driving while intoxicated (DWI). Appellant pled not guilty,
the jury found him guilty, and the trial court sentenced him to one hundred
eighty days' imprisonment, probated for two years, and a $650 fine. In four
points, Appellant contends that the trial court erred in denying his motion to
suppress. We affirm.
This case involves a traffic stop and
warrantless arrest that a Tarrant County sheriff deputy made just inside the
geographic boundary of Wise County. One evening while working the graveyard
shift, Deputy Kelly Biggs observed Appellant's vehicle ahead of him on FM 718.
Appellant appeared to be speeding. As Deputy Biggs drove at the posted speed of
sixty miles per hour, he realized that Appellant's vehicle was pulling away
because it was being driven faster. Also, as Appellant exceeded the posted speed
limit,(2) Deputy Biggs saw him cross over the
double-striped center line into the oncoming lane of traffic five times.
At the time Deputy Biggs observed the
traffic offenses, Appellant and Deputy Biggs were about a mile or two inside the
Tarrant County line and were approaching the Wise County line. Deputy Biggs
initiated a traffic stop while the two vehicles were still inside Tarrant
County. By the time Appellant pulled over, however, the two cars had traveled
across the county line by approximately seven-tenths of a mile into Wise County.(3)
Deputy Biggs testified that based upon the
speeds that the vehicles were traveling, the amount of time Appellant took to
stop was not completely unreasonable. Deputy Biggs also testified that Appellant
had not overtly braked, nor reacted in a way that indicated that he was
attempting to comply with the deputy's request to pull over. Deputy Biggs
notified the dispatcher that Appellant was "failing to yield," meaning
that Appellant was either failing to acknowledge the officer stopping him or was
trying to leave. Despite his notice to the dispatcher, Deputy Biggs testified
that he did not feel that he was involved in a chase or in pursuit while
following Appellant.
When Deputy Biggs finally encountered
Appellant in the stopped car, Deputy Biggs smelled a strong odor of alcohol on
Appellant's breath. Deputy Biggs asked Appellant if he had been drinking, and
Appellant told him that he had consumed three beers that night. Appellant had
trouble removing his drivers license from his wallet and he had problems
maintaining his balance. His eyes were bloodshot, glassy, and dilated.
Appellant's speech was slurred and "thick tongued." Deputy Biggs said
these characteristics indicated to him that Appellant was intoxicated. Appellant
refused to take any field sobriety tests, and Deputy Biggs placed him under
arrest. After the arrest, Appellant made several threatening statements to
Deputy Biggs.
Appellant made a pretrial motion to
suppress the statements he made to Deputy Biggs, including his statement as to
the number of beers he had consumed. At the suppression hearing, Deputy Biggs
testified that when he stopped Appellant he had no intent to arrest him for the
offense of failure to maintain a single lane. On cross-examination, Deputy Biggs
testified that when he made the initial stop of Appellant, he did not have
probable cause to arrest him. The trial court overruled Appellant's motion. At
trial, Deputy Biggs testified to essentially the same facts as those in the
suppression hearing.
A trial court's ruling on a motion to
suppress is reviewed for abuse of discretion. Balentine v. State, 71
S.W.3d 763, 768 (Tex. Crim. App. 2002); Bachick v. State, 30 S.W.3d
549, 551 (Tex. App.--Fort Worth 2000, pet. ref'd). We give almost total
deference to the trial court's determination of historical facts and review the
application of the law to the facts de novo. Balentine, 71 S.W.3d at
768; Bachick, 30 S.W.3d at 551.
In his first and fourth issues, Appellant
asserts that the trial court erred in denying his motion to suppress because the
initial stop was unlawful. As a general rule, a police officer must obtain an
arrest warrant before taking an individual into custody. DeJarnette v. State,
732 S.W.2d 346, 349 (Tex. Crim. App. 1987). Warrantless arrests are illegal
unless authorized by one of the statutory exceptions to the rule. Id.
Chapter 14 of the code of criminal procedure authorizes arrests without a
warrant in limited circumstances. See Tex. Code Crim. Proc. Ann. arts.
14.01, .02, .04 (Vernon 1977) & art. 14.03 (Vernon Supp. 2003).
Appellant asserts that none of the
exceptions in chapter 14 justify his arrest. He first argues that there is no
evidence that Deputy Biggs saw him commit an arrestable offense. See id.
art. 14.01. Appellant contends Deputy Biggs therefore did not have reasonable
suspicion to stop him or probable cause to arrest him for any offense after the
stop.
The law is well settled that an officer is
authorized to stop a motorist who is observed committing a traffic offense. See
McVickers v. State, 874 S.W.2d 662, 664 (Tex. Crim. App. 1993). The
transportation code provision pertaining to failure to maintain a single lane of
traffic provides:

 An operator on a roadway divided into
 two or more clearly marked lanes for traffic:
 
 (1) shall drive as nearly as practical
 entirely within a single lane; and
 (2) may not move from the lane unless
 that movement can be made safely.
 

Tex. Transp. Code Ann. § 545.060 (Vernon
1999). A temporary detention, such as a stop for a traffic offense, is justified
when specific articulable facts, which taken together with rational inferences
from those facts, lead an officer to conclude that the person detained has
engaged in criminal activity. Bachick, 30 S.W.3d at 551 (citing Woods
v. State, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997)). These facts must
amount to more than a mere hunch or suspicion. Davis v. State, 947
S.W.2d 240, 244 (Tex. Crim. App. 1997).
Here, Appellant states that Deputy Biggs
did not see Appellant's car weave, did not see his car speeding, and did not
witness any erratic driving. On the contrary, the evidence shows that Deputy
Biggs testified that he saw Appellant speed and saw his car
cross the center line five times. We hold that the trial court did not abuse its
discretion because Deputy Biggs set forth articulable facts that raised a
reasonable suspicion that Appellant had committed a traffic offense. See
Bachick, 30 S.W.3d at 551.
In Appellant's second and fourth issues,
he claims the trial court erred in denying his motion to suppress because Deputy
Biggs arrested Appellant outside his jurisdiction and because probable cause to
arrest Appellant for DWI arose after the initial traffic stop. As to the
jurisdictional issue, under the "hot pursuit" doctrine, a police
officer who lawfully initiates pursuit of a traffic offender on the ground of
reasonable suspicion in one jurisdiction may continue the pursuit into another
jurisdiction and can arrest the offender in the other jurisdiction. Yeager
v. State, No. 1555-00, slip op. at 7, 2003 WL 1728383, at *3 (Tex. Crim.
App. Apr. 2, 2003). A hot pursuit is lawful even if the officer has only the
"right to conduct an investigative detention," not just a "right
to arrest." Id. at 6. An officer can be in "hot pursuit"
where he immediately and continuously pursues an offender from a scene of a
crime. Id. at 7. This doctrine applies even when an officer does not
subjectively believe he is in hot pursuit of or is chasing an offender. See,
e.g., Carmouche v. State, 10 S.W.3d 323, 328 n.6 (Tex. Crim. App. 2000)
(applying Whren v. United States, 517 U.S. 806, 813, 116 S. Ct. 1769,
1774 (1996) (holding that the constitutional reasonableness of traffic stops
does not depend on the actual motivations or subjective intentions of the
individual officer involved)).
Here, Deputy Biggs' immediate, continuous
pursuit of Appellant was "lawfully initiated on the ground of
suspicion" because it began within Tarrant County, Deputy Biggs' geographic
boundary, and was based at least on the deputy's reasonable suspicion that
Appellant had committed a traffic offense. See Yeager, slip op. at 7,
2003 WL 1728383, at *3. Appellant's initial detention in Wise County, therefore,
was lawful under the "hot pursuit" doctrine. Id.
As to Appellant's contention that the
trial court erred because Deputy Biggs did not have probable cause to make the
initial stop for DWI, this court held in Bachick v. State that during a
lawful investigative detention, such as a traffic stop, an officer is entitled
to rely on all of the information obtained during the course of his contact with
the citizen in developing the articulable facts that would justify a continued
investigatory detention. 30 S.W.3d at 551. Once a police officer makes a bona
fide stop or arrest for a traffic offense, he can make an additional arrest for
any other offense unexpectedly discovered while investigating or questioning the
motorist. See Attwood v. State, 509 S.W.2d 342, 344 (Tex. Crim. App.
1974); Bachick, 30 S.W.3d at 551-52. An officer may investigate any
other offense that he reasonably suspects has been committed, even if the
officer developed that reasonable suspicion during the course of a temporary
detention for another crime. Bachick, 30 S.W.3d at 552.
In this case, Deputy Biggs stopped
Appellant because he observed Appellant commit a traffic offense. As we held
above, the detention was lawful. During the course of the stop, Deputy Biggs
witnessed facts that caused him to reasonably suspect that Appellant was guilty
of a more serious crime--driving while intoxicated--and the deputy was justified
in detaining him to investigate the second offense. Police officers are not
required to turn a blind eye toward the commission of other offenses, even if
they do not have reason to suspect the second offense at the time the initial
investigatory detention commenced. Id. The trial court did not err,
therefore, in denying the motion to suppress. We overrule issues one, two, and
four.
In his third issue, Appellant contends
that the trial court erred in admitting evidence obtained in violation of
subdivision (d) of article 14.03. This subdivision provides:

        
 A peace officer who is outside his jurisdiction may arrest, without warrant, a
 person who commits an offense within the officer's presence or view, if the
 offense is a felony, a violation of Title 9, Chapter 42, Penal Code, a breach
 of the peace, or an offense under Section 49.02, Penal Code. A peace
 officer making an arrest under this subsection shall, as soon as practicable
 after making the arrest, notify a law enforcement agency having jurisdiction
 where the arrest was made. The law enforcement agency shall then take
 custody of the person committing the offense and take the person before a
 magistrate in compliance with Article 14.06.

Tex. Code Crim. Proc. Ann. art. 14.03(d)
(Vernon Supp. 2003) (emphasis added). Here, the parties do not dispute that
Deputy Biggs did not notify any law enforcement agency with jurisdiction in Wise
County regarding Appellant's arrest. As a result, Appellant argues that the
trial court should have excluded all of the evidence, including his statement to
Deputy Biggs concerning the three beers he had consumed, pursuant to article
38.23 of the code of criminal procedure.
In Bachick, we held that the
requirement of 14.03(d) that a police officer who makes an arrest outside of his
jurisdiction notify law enforcement officials within the jurisdiction in which
the officer made the arrest is unrelated to the purpose of the exclusionary
rule. 30 S.W.3d at 553. Consequently, Deputy Biggs' failure to inform law
enforcement officials in Wise County after such an extra-jurisdictional arrest
does not require suppression of Appellant's statements. See id. We
overrule Appellant's third issue.
Having overruled Appellant's issues on
appeal, we affirm the trial court's judgment.

                                                                       
PER CURIAM
 
PANEL A: HOLMAN, J.; CAYCE, C.J. and DAY
J.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: May 1, 2003

1. See Tex. R. App. P. 47.4.
2. Deputy Biggs testified that Appellant was driving
seventy-six miles per hour.
3. Since a mile is 5,280 feet or 1,760 yards, and
seven-tenths of a mile is greater than four hundred yards, code of criminal
procedure article 13.04 is inapplicable to the instant discussion. See
Tex. Code Crim. Proc. Ann. art. 13.04 (Vernon Supp. 2003) (providing that an
offense committed on the boundaries of two or more counties, or within four
hundred yards thereof, may be prosecuted and punished in any one of such
counties).