Lorrie Annette Valentich v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-101-CR

LORRIE ANNETTE VALENTICH APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 158
TH
 DISTRICT COURT OF DENTON COUNTY

------------

OPINION

------------

Appellant Lorrie Annette Valentich pled guilty to felony driving while intoxicated (DWI) and was sentenced to six years’ confinement in the Institutional Division of the Texas Department of Criminal Justice.  She preserved her right to appeal from the denial of her motion to suppress.  In three issues, Appellant challenges the trial court’s denial of her motion to suppress evidence obtained from the stop and investigative detention of her person.  Because we hold that the trial court did not abuse its discretion in denying the motion, we affirm the trial court’s judgment.

Background Facts

Officer Cox, a Flower Mound police officer, received a call while he was on duty from a tipster reporting that Appellant was intoxicated.  The tipster gave the officer Appellant’s name and physical description and her vehicle’s description and license plate number.  At trial, Officer Cox testified that he did not remember the name of the person making the report, but that he believed that it was Appellant’s ex-husband and that he thought the tipster had identified himself by name at the time of the tip.  No interview, other than the phone conversation, was conducted with the tipster.  There was no evidence about where the call was made from or what specifically the informant claimed to have observed.

In response to the tip, Officer Cox went to the Point After North Bar parking lot, from which he saw Appellant’s vehicle exiting.  He followed the vehicle from the bar parking lot onto Garden Ridge Road.  On the poorly maintained two-lane road, Appellant’s vehicle wove in its own lane, drifting into the opposite lane at least twice.  Officer Cox continued following Appellant’s vehicle out of Flower Mound into the City of Lewisville.  In Lewisville, the vehicle, now in the middle lane of a well maintained divided six-lane roadway, continued to weave, touching or crossing the white lines separating its lane from the other two lanes traveling in the same direction at least three times.  Officer Cox testified that he did not want to stop the vehicle on the Flower Mound road because it was unsafe, as it was poorly maintained and did not have a shoulder, and also because he decided to give the driver the benefit of the doubt until the vehicle was on a better road, which occurred in Lewisville.  Officer Cox stopped Appellant in Lewisville and ultimately arrested her for DWI.

Discussion of Issues

In her first issue, Appellant contends that the trial court abused its discretion in failing to suppress the evidence because Officer Cox, relying on an unreliable informant, lacked reasonable suspicion.  In her second and third issues, Appellant contends that the trial court abused its discretion in failing to suppress the evidence because the “hot pursuit” doctrine does not apply and because Officer Cox did not comply with Article 14.03(g) of the Texas Code of Criminal Procedure.  The issues before this court are (1) whether Officer Cox had reasonable suspicion to detain Appellant and (2) whether he could lawfully do so outside the jurisdiction of Flower Mound, the city that employed him.

Reasonable Suspicion

In her first issue, Appellant contends that Officer Cox did not have reasonable suspicion because he was relying on a tip lacking sufficient indicia of reliability.  Specifically, the tipster was her ex-husband, not a neutral citizen, and there was no evidence that he observed Appellant firsthand or gave any details or a specific description about her wrongdoing.  As this court has previously held,

To initiate an investigative stop, the investigating officer must possess a reasonable suspicion based on specific articulable facts that, in light of the officer's experience and general knowledge, would lead the officer to the reasonable conclusion that criminal activity is underway and the detained person is connected to the activity.  These facts must amount to more than a mere hunch or suspicion.

The reasonableness of a given detention will turn on the totality of the circumstances in that particular case.  A tip by an unnamed informant of undisclosed reliability standing alone rarely will establish the requisite level of suspicion necessary to justify an investigative detention.  There are, however, some situations in which an anonymous tip exhibits sufficient indicia of reliability to justify the detention.

There must be some further indicia of reliability, some additional facts from which a police officer may reasonably conclude that the tip is reliable and a detention is justified.  The informant's veracity, reliability, and basis of knowledge are highly relevant in determining the value of the caller's report.  “Reasonable suspicion ... is dependent upon both the content of information possessed by police and its degree of reliability.”  Both factors--the quality and quantity--must be taken into account in determining whether a detention is reasonable.  “Thus, if a tip has a relatively low degree of reliability, more information will be required to establish the requisite quantum of suspicion than would be required if the tip were more reliable.”

Corroboration by the law enforcement officer of any information related by the informant may increase the reliability of the information. “[C]orroboration” in this sense does not mean that the officer must personally observe the conduct that causes him to reasonably suspect that a crime is being, has been, or is about to be committed.  Rather, corroboration refers to whether the police officer, in light of the circumstances, confirms enough facts to reasonably conclude that the information given to him is reliable and a temporary detention is justified.

Where the reliability of the information is increased, less corroboration is necessary.

A detailed description of the wrongdoing, along with a statement that the event was observed firsthand, entitles an informant's tip to greater weight.  A tip also deserves great weight if the person put herself in a position to be held accountable for her intervention.  Furthermore, a person who is not connected with the police or who is not a paid informant is considered inherently trustworthy when he advises the police that he suspects criminal activity has occurred or is occurring.
(footnote: 1)
 Officer Cox received information that Appellant was intoxicated from an informant who provided his name and his relationship to Appellant, although Officer Cox did not know him personally and did not remember his name at trial.  Appellant’s vehicle was at the bar as apparently reported by the informant.  The informant’s descriptions of the vehicle and its license plate number matched Officer Cox’s observations. But the evidence does not show that the tipster gave specific evidence of the offense itself.  We therefore hold that the tip itself was not sufficient to provide Officer Cox with reasonable suspicion that Appellant had committed, was committing, or was about to commit a crime.  The tip in this case allowed the officer to focus his attention on a particular vehicle leaving a bar.

Officer Cox followed Appellant’s vehicle from the parking lot of the bar and observed erratic driving.  Giving her the benefit of the doubt, he did not pull her over until he observed her driving erratically on a roadway that was in sufficiently good repair not to be the suspected cause of the erratic driving.  We hold that Officer Cox’s own observations of the car leaving a bar and driving erratically provided reasonable suspicion for the DWI stop.
(footnote: 2)  Because the tip was not necessary to generate reasonable suspicion, we overrule Appellant’s first issue.

Officer’s Authority to Arrest Appellant Outside His Jurisdiction

In her second issue, Appellant contends that the hot pursuit doctrine does not apply to justify the officer’s arresting her outside the city lines of Flower Mound, his employer.  The Texas Court of Criminal Appeals has held that a police officer does not have authority outside his jurisdiction to detain a person for a mere traffic offense.
(footnote: 3)  In 
Kurtz
, the trial court found that the only possible offenses the arresting officer may have observed were traffic offenses; therefore the Texas Court of Criminal Appeals construed this as a finding that DWI was not a possible offense that the arresting officer initially observed.
(footnote: 4)  While the instant case is very close to the facts in 
Kurtz
, it differs in one significant aspect—Officer Cox testified that he detained Appellant to “investigate further the possibility of her being intoxicated,” and his testimony shows that that was the offense he suspected her of from the time he saw her driving away from the bar parking lot.  There is no evidence that Officer Cox detained Appellant for a mere traffic offense.

Because Officer Cox observed Appellant’s vehicle leaving a bar parking lot and observed her erratic driving, he had reasonable suspicion to believe that he was detaining her originally for the offense of driving while intoxicated.  Officer Cox observed Appellant within the city limits of both Flower Mound and Lewisville.  At the time of the offense, Article 14.03(d) of the Texas Code of Criminal Procedure provided:

A peace officer who is outside his jurisdiction may arrest, without warrant, a person who commits an offense within the officer’s presence or view, if the offense is a felony, a violation of Title 9, Chapter 42, Penal Code, 
a breach of the peace, or an offense under  Section 49.02, Penal Code
.  A peace officer making an arrest under this subsection, shall, as soon as practicable, after making the arrest, notify a law enforcement agency having jurisdiction where the arrest was made.  The law enforcement agency shall then take custody of the person committing the offense and take the person before a magistrate in compliance with Article 14.06 of this code.
(footnote: 5)

Driving while intoxicated is a breach of the peace.
(footnote: 6)  Consequently, under the statute in effect at the time of the offense, Officer Cox had authority to detain Appellant without a warrant.
(footnote: 7)  Finally, Officer Cox was authorized to detain Appellant because he had reasonable suspicion to believe he was observing a breach of the peace, that is, driving while intoxicated, and because he pursued her from his lawful jurisdiction in Flower Mound a very short distance into Lewisville.  Consequently, the hot pursuit doctrine technically applies.
(footnote: 8)  We overrule Appellant’s second issue.

No Notification to Lewisville Police Department

Appellant also argues that the evidence should have been suppressed because Officer Cox did not comply with Article 14.03 in that he did not notify local law enforcement of the arrest.
(footnote: 9)  This court has already held that a violation of this notice provision does not require suppression of evidence because the notice provision is administrative in nature.
(footnote: 10)  We overrule Appellant’s third issue.

Conclusion

Having overruled Appellant’s three issues, we affirm the trial court’s judgment.

LEE ANN DAUPHINOT

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  June 16, 2005

FOOTNOTES
1:
Pipkin v. State
, 114 S.W.3d 649, 653-55 (Tex. App.—Fort Worth 2003, no pet.) (citations omitted).

2:
See
 
Garcia v. State
, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001); 
Pipkin
, 114 S.W.3d at 653.

3:
State v. Kurtz
, 152 S.W.3d 72, 77 (Tex. Crim. App. 2004).

4:
Id.
 at 79.

5:
Act effective Sept. 1, 1994, 73rd Leg., R.S., ch. 900, § 3.02, 1993 Tex. Gen. Laws 3715 (amended 2003) (current version at 
Tex. Code Crim. Proc. Ann.
 art. 14.03(d) (Vernon 2005)).

6:
Gallups v. State
, 151 S.W.3d 196, 201 (Tex. Crim. App. 2004);
 Romo v. State
, 577 S.W.2d 251, 253 (Tex. Crim. App. 1979).

7:
See
 Act effective Sept. 1, 1994, 73rd Leg., R.S., ch. 900, § 3.02, 1993 Tex. Gen. Laws 3715 (amended 2003) (current version at 
Tex. Code Crim. Proc. Ann.
 art. 14.03(d) (Vernon 2005)).

8:
See Yeager v. State
, 104 S.W.3d 103, 107 (Tex. Crim. App. 2003) (“Under the ‘hot pursuit’ doctrine, the relevant consideration in this case is whether the initial ‘pursuit’ was ‘lawfully initiated on the ground of suspicion.”).

9:
See
 
Tex. Code Crim. Proc. Ann.
 art. 14.03(g) (Vernon 2005).

10:
Bachick v. State
, 30 S.W.3d 549, 553 (Tex. App.—Fort Worth 2000, pet. ref’d).