# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00223-CV

### In re The State of Texas ex rel. Jennifer A. Tharp

### ORIGINAL PROCEEDING FROM COMAL COUNTY

## D I S S E N T I N G   O P I N I O N

For the reasons that follow, I respectfully dissent from the majority's opinion.

Without question, the relief requested by the State in this case can only be described as extraordinary. In fact, when discussing the possibility that an appellate court might intercede into the proceedings of an ongoing criminal trial in order to correct jury-charge error, Justice Price from the court of criminal appeals explained that allowing this type of judicial oversight can only open the door to appellate interference in a host of other decisions made by the trial court in a criminal proceeding. *In re State ex rel. Weeks*, 391 S.W.3d 117, 126-27 (Tex. Crim. App. 2013) (orig. proceeding) (Price, J., dissenting) (noting that opening this appellate doorway could lead to mandamus review of evidentiary determinations, rulings on requests for continuances, and decisions regarding defendant's right to counsel). Moreover, he stated that allowing appellate courts to use their mandamus authority to conduct an end run around the statutory prohibition generally forbidding the State from appealing judicial rulings in criminal proceedings would usurp the legislature's ultimate authority to decide what types of cases are indeed appealable. *Id.* at 127-28 (discussing *State ex rel. Healey v. McMeans*, 884 S.W.2d 772, 778 (Tex. Crim. App. 1994) (Meyers, J.,

dissenting)). These concerns seem all the more problematic to me given that the type of mandamus review that could be performed of an ongoing trial will be significantly hampered by the limited record that is available in a mandamus proceeding from which a decision is to be made.

However, the court of criminal appeals has in clear terms mandated that the State has the right to mandamus relief concerning a jury charge "when the facts and circumstances dictate but one rational decision 'under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles.'" *Id.* at 122 (quoting *Bowen v. Carnes*, 343 S.W.3d 805, 810 (Tex. Crim. App. 2011)). Moreover, the court explained that this type of remedy is needed, in part, because the State has no adequate remedy by appeal to challenge the trial court's ruling. *Id.* at 123. For the reasons that follow, I believe that the requirements for mandamus review of a jury charge as identified by the court of criminal appeals are satisfied in this case.

During the charge conference, S.M. requested that the charge include the lesser included offense of assault, and the trial court granted that request. As a result, the jury charge contained instructions for the offenses of murder, manslaughter, and assault. In relevant part, the Penal Code provides that an individual is guilty of assault if he "intentionally, knowingly, or recklessly causes bodily injury to another." Tex. Penal Code § 22.01(a)(1). Further, the Code defines "[b]odily injury" as "physical pain, illness, or any impairment of physical condition." *Id.* § 1.07(a)(8). However, the Penal Code also distinguishes bodily injury from "[s]erious bodily injury" as that term is used in the statutes governing aggravated assault and murder. *See id.* § 1.07(a)(46); *see also id.* §§ 19.02(b) (providing that person commits murder if he intentionally causes death of another person or "intends to cause serious bodily injury and commits an act clearly dangerous to

2

human life that causes the death of an individual"), 22.02 (explaining that person commits aggravated assault if he commits assault and "causes serious bodily injury to another"). In particular, the Code defines "[s]erious bodily injury" as meaning "bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." *Id.* § 1.07(a)(46).

In this case, according to the limited record provided to this Court, the evidence establishes that S.M. punched L.D. twice in the face and that those strikes resulted in L.D.'s death. Accordingly, regardless of what the evidence might show S.M. intended to do, the jury cannot rationally conclude that S.M. inflicted mere bodily injury. *Cf. Ferrel v. State*, 55 S.W.3d 586, 591 (Tex. Crim. App. 2001) (explaining that because evidence established that defendant caused serious bodily injury, "a reasonable jury could not have found [defendant] guilty only of misdemeanor assault"). For that reason, I believe that the facts and circumstances of this case under unequivocal, well-settled, and controlling legal principles dictate that S.M. is not entitled to an instruction for assault and that the trial court abused its discretion by including the assault instruction within the jury charge. *See Weeks*, 391 S.W.3d at 122; *see also De Jarnette v. State*, 706 S.W.2d 680, 682 (Tex. App.—Houston [14th Dist.] 1986) (concluding that "a charge on the misdemeanor assault was not raised by the evidence because the complainant sustained serious bodily injury as a result of the assault"), *aff'd on other grounds*, 732 S.W.2d 346 (Tex. Crim. App. 1987). Accordingly, I would grant mandamus relief in this case and order the trial court to remove the assault instruction from the charge.

For the reasons given above, I respectfully dissent from the majority's opinion.

3

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Bourland

Filed:   April 23, 2015